369 A.2d 276

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert GILMORE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Nov. 22, 1976.

28

Gerald Jay Pomerantz, Philadelphia, for appellant.

Deborah E. Glass and Steven H. Goldblatt, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

Appellant, Robert Gilmore, appeals following a jury verdict of guilty of criminal conspiracy and not guilty of robbery and possession of an instrument of a crime. His sole allegation on appeal is that prejudicial comments made by the attorney for the Commonwealth in his closing address operated to deny him a fair trial. We agree and reverse.

The charges upon which appellant was arrested stemmed from the robbery of a doctor's office on December 6, 1974. The Commonwealth's evidence showed that appellant, together with two other youths, one of which was armed with a gun, entered the office of an eye doctor and threatened him with the gun, demanding money. Upon receiving $180 they bound and gagged him then fled with the money. The doctor as eyewitness specifically identified appellant as the assailant who threatened him with his own ophthalmoscope. Appellant's defense was that although he was present with the two others in the doctor's office, he was not aware that a robbery was planned and upon observing it taking place he was too

frightened to disassociate himself from the others. He denied threatening the doctor with his instrument.

In his closing address to the jury, the assistant district attorney made the following remarks in speaking of his own position and the testimony of his complaining witness: "I am interested in truth. You are interested in the truth. For part of my job is not only to prosecute the guilty, but to see that the innocent are speedily turned loose if they are innocent. In this case you saw [the complaining witness]. You observed his demeanor. You observed his testimony, and as one writer said . . . 'Truth crushed to the earth must rise again.' In this case, the cross-examination is an attempt to crush truth to the ground. . . .

". . . .

"You were picked for one purpose. That purpose was to find the truth. I have faith in your finding the truth in this matter. The doctor had faith in your finding the truth, for he came before you. He testified truthfully, and the truth was that this Defendant, Robert Gilmore, participated actively, took part in the taking of money from him. . . .

". . . .

"The Commonwealth in this case has given you the truth. The Commonwealth in this case has given you the facts. Now, it is up to you." Following the closing argument, appellant's attorney specifically objected to these statements, but no curative instructions were given. Appellant now objects that these comments and others assailing the credibility of the appellant improperly illustrated to the jury the prosecuting attorney's personal belief in the guilt of the accused.

██ ██ It has recently been clearly established that in this Commonwealth "a prosecuting attorney may not indulge in personal assertions of guilt of a defendant either by direct statement or indirectly by figure of

speech." *Commonwealth v. Cronin,* 464 Pa. 138, 143, 346 A.2d 59, 62 (1975); *accord, Commonwealth v. Lark,* 399 Pa. 460, 333 A.2d 786 (1975); *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974); *see also,* Code of Professional Responsibility, DR 7–106(C)(4), 438 Pa. xxv, ci-cii (1970); American Bar Association Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function § 5.8(b) (Approved Draft, 1971). Such an argument by a district attorney gives grounds for reversal if its " 'unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict.' *Commonwealth v. Simon,* 432 Pa. 386, 394, 248 A.2d 289, 292 (1968)." *Commonwealth v. Stoltzfus,* 462 Pa. 43, 61, 337 A.2d 873, 882 (1975); *accord, Commonwealth v. Chandler,* 237 Pa.Super. 19, 346 A.2d 579 (1975).

The appellate courts of Pennsylvania have regularly noted the impropriety of a prosecutor's offering his personal belief in the guilt of an accused, or the truth of the testimony of the Commonwealth's witnesses as opposed to those of the defense, in the guise of assisting the jury in their duty to uncover the true facts. *Commonwealth v. Collins,* 462 Pa. 495, 341 A.2d 492 (1975). Thus reversals have been obtained when the prosecutor argued that the jury could not acquit unless the accused murderer's victim came alive and walked into the courtroom,[1] when the prosecutor argued that the accused was attempting to deceive the jury,[2] when a district attorney testified as a witness that his personal investigations led him to the conviction that the accused was the guilty party,[3] and when the prosecutor characterized the accused's statements as malicious lies.[4]

1. *Commonwealth v. Cronin,* 464 Pa. 138, 346 A.2d 59 (1975); *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974).
2. *Commonwealth v. Revty,* 448 Pa. 512, 295 A.2d 300 (1972).
3. *Commonwealth v. Russell,* 456 Pa. 559, 322 A.2d 127 (1974).
4. *Commonwealth v. Potter,* 445 Pa. 284, 285 A.2d 492 (1971).

32

The district attorney as the representative of the Commonwealth has acquired with his position as a quasi-judicial officer an added measure of responsibility in ensuring that an atmosphere of fairness and impartiality be maintained when one accused of crime is tried, in the belief that only in such an environment can vindictive passions be weeded out to reveal the truth. " 'It may be proper for us to say in this connection that, in his official capacity, clothed with the gravest responsibilities, and exercising functions in a measure judicial, the district attorney should ever be cautious in expressing to a jury his belief in the guilt of the accused. If convinced of it, his duty is to lead them to his own judgment by pointing out to them, intelligently and impartially, the evidence which cannot fairly justify any other conclusion.' " *Commonwealth v. Toth,* 455 Pa. 154, 158, 314 A.2d 275, 277–78 (1974) *quoting Commonwealth v. Bubnis,* 197 Pa. 542, 550, 47 A. 748, 749–50 (1901).

In the present case, the prosecutor informed the jury that it was his job and the jury's job to proceed impartially and discover the truth. He then pointed out that he had done his job by bringing the guilty party before them and identifying him with the truthful testimony of the Commonwealth's witnesses. The unavoidable effect of such statements would be to convince the jury that the individual whom the jury is told to recognize as the fairminded, unbiased advocate of the truth is convinced of the accused's guilt. In a case such as this, where the appellant did not deny his presence, but insisted that he did not participate in the offensive conduct and had no knowledge of his companions' intent, the credibility of the accused as opposed to the complaining witness is crucial. The prosecutor's use of his position of impartiality and special knowledge to give weight to his assertions of his belief in appellant's guilt, when such

comments cannot be excused by abuses or excesses engaged in by the defense, is highly prejudicial.

Judgment of sentence reversed and a new trial ordered.

WATKINS, President Judge, and CERCONE and VAN der VOORT, JJ., dissent.