375 A.2d 135

**COMMONWEALTH of Pennsylvania**

v.

**Benjamin L. YARBOUGH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

Stewart A. Bernstein, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

358

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Following a non-jury trial on January 18, 1972, appellant was convicted of carrying a concealed deadly weapon, unlawfully carrying a firearm without a license, and aggravated robbery. Pro-forma written post-trial motions for a new trial and in arrest of judgment were denied on March 8, 1972. Appellant was sentenced to a one to five year term of imprisonment. No direct appeal was filed.

On July 24, 1975, appellant filed a *pro se* petition under the Post Conviction Hearing Act.[1] Counsel was appointed and a hearing was held. The lower court denied all relief on December 29, 1975. Appellant now contends, as he did in the court below, that he did not knowingly and intelligently waive his right to a. jury trial or to appear and that trial counsel was ineffective.

■■■■ Appellant first contends that the lower court erred in refusing him the right to file a *nunc pro tunc* appeal, arguing that he was never informed of his appellate rights and therefore could not be held to a knowing and intelligent waiver. The record, however, belies this contention.

The notes of testimony for the sentencing hearing were never located, and therefore, as in all "silent record" cases, the Commonwealth had the burden of establishing that appellant knew of his right to appeal and, if indigent, to the assistance of appointed counsel. *Commonwealth v. Sprangle*, 442 Pa. 271, 275 A.2d 114 (1971); *Commonwealth v. Ezell*, 431 Pa. 101, 244 A.2d 646 (1968); *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968).

On cross-examination, appellant admitted that he was informed by the sentencing judge that he had a right to appeal. He further testified that trial counsel informed him

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180–1 (Supp. 1976–77)) *et seq.*

that he had to appeal within thirty days. The substance of appellant's theory at the PCHA hearing was that he knew of his right to appeal, that he asked trial counsel to perfect the appeal, and that counsel was ineffective for failing to comply with the request. (NT PCHA 51–52).

The Commonwealth introduced the following testimony of appellant's trial counsel.

"Q. Now, sir, at the conclusion of the case, did you discuss with Mr. Yarbough his right to appeal?

A. I believe I made an on the record statement that he had an absolute right to take an appeal, and that if he did not take an appeal within thirty days . . . he would have lost his right to take an appeal. I told him if he could not afford counsel, upon request to the Court, counsel would be provided for him."

Appellant argues that counsel's testimony characterizing his recollection of the relevant events as a "belief" precluded the lower court from finding that counsel, in fact, made the statement. Assuming that the statement reflected a doubt on the part of counsel, there is some ambiguity as to whether counsel questioned making the statement or whether counsel merely questioned making the statement *on the record*. The hearing judge, who was in the best position to evaluate the testimony, found as follows:

"The defendant was advised of his right to appeal on the record and trial counsel testified that defendant never requested that an appeal be filed. Thus, we are convinced and find as a fact that defendant knowingly and intelligently waived his right to appeal and that such waiver was valid."

Moreover, trial counsel positively asserted that appellant was informed of his right to counsel on appeal. When this factor is combined with appellant's admissions, it is clear that appellant's first contention is without merit.

Appellant next contends that the record fails to establish a knowing and intelligent jury trial waiver. Appellant failed to prove the existence of extraordinary circumstances justifying his failure to raise the issue on direct

appeal, and therefore the issue is waived.[2]  19 P.S. § 1180–4(b)(1) (Supp.1976–77);  *Commonwealth v. Newsome*, 444 Pa. 586, 281 A.2d 904 (1971).

■  Appellant's third contention is that trial counsel was ineffective for failing either to conduct a proper pre-trial investigation of potential alibi witnesses or to request a continuance when, during the course of trial, he learned of the possible existence of such witnesses.  This contention is without merit.

Trial counsel was retained by appellant's grandmother shortly after the preliminary hearing.  Counsel obtained a report from the Voluntary Defender's Association and interviewed appellant at the Philadelphia Detention Center.  The report contained a statement to the effect that appellant did not know where he was on the evening in question but that he was probably at his girl friend's aunt's house.  This "alibi" was based solely on appellant's assertion that he visited that residence almost every evening.  Trial counsel testified that during the interview, he asked appellant where he was on the night in question, and appellant responded that he did not remember.  At no time prior to trial did appellant indicate any alibi defense.  Moreover, trial counsel interviewed appellant's grandmother and brother, neither of whom mentioned anything about an alibi.

2.  The trial in the instant case occurred prior to the filing of the Supreme Court's decision in *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973).  Therefore, the waiver would only be reversed if appellant demonstrated that it was involuntary or unknowing.  *Commonwealth v. Lockhart*, 227 Pa.Super. 503, 322 A.2d 707 (1974).  During the waiver colloquy, appellant was informed of the right to a trial by a jury of twelve persons who would all have to agree that he was guilty beyond a reasonable doubt before they could return a verdict of guilty.  Appellant stated that he had consulted with his attorney in making the decision, that he was satisfied with counsel's representation, that there was no promise or inducement to waive a jury trial and that the decision to waive was made of his own free will.  Judged by pre-*Williams* standards, a knowing and voluntary waiver was established.  *Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975); *Commonwealth v. Miranda*, 222 Pa.Super. 158, 292 A.2d 473 (1972).

At trial, appellant demanded the right to testify in his own defense. He stated that although he had no knowledge of where he was on the day in question, he was either at his mother's or his girl friend's aunt's home. Appellant also testified that he never questioned his girl friend or her aunt concerning his whereabouts on the night of the incident; nor had he requested any member of his family to make such an inquiry. (NT 44–45). At the PCHA hearing, appellant reiterated his trial testimony that either his mother or his girl friend might have provided him with an alibi. He admitted speaking with his girl friend since the trial; however, he could not remember whether she indicated that she could have provided an alibi. Neither appellant's mother nor his girl friend testified at the PCHA hearing.

In *Commonwealth v. Abney*, 465 Pa. 304, 350 A.2d 407 (1976), the Supreme Court asserted the following proposition:

"If . . . counsel's failure to seek compulsory process to obtain [the witness'] testimony . . . was the result of sloth or lack of awareness of the available alternatives, then his assistance was ineffective. *In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness is ineffective assistance of counsel.*" (emphasis original) *Commonwealth v. Abney, supra,* 465 Pa. at 309, 350 A.2d at 410, *quoting Commonwealth v. Twiggs,* 460 Pa. 105, 111, 331 A.2d 440, 443 (1975).

This statement is inapposite to the present situation. The crux of the rule, as applied in *Abney* and *Twiggs, supra,* is the fact that the witnesses were *known alibi* witnesses. It had been established that they could testify to facts which, if believed, might have cast a shadow on the Commonwealth's case. *Compare Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973), *with Commonwealth v. Smith,* 442

Pa. 265, 275 A.2d 98 (1971). In a situation similar to the case at bar, our Supreme Court held that "this alleged error, absent a demonstration that the missing testimony would be helpful, cannot be equated with a conclusion of ineffective assistance." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 609–10, 235 A.2d 349, 355 (1967), *citing Commonwealth ex rel. Sprangle v. Maroney,* 423 Pa. 589, 225 A.2d 236 (1967); *Cf. Commonwealth v. Glasco,* 241 Pa.Super. 484, 362 A.2d 420 (1976); *but see Commonwealth v. Bronson,* 457 Pa. 66, 321 A.2d 645 (1974). After independently reviewing the record, as we must, *Commonwealth v. Owens, supra,* we are unable to conclude that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized. *Commonwealth ex rel. Washington v. Maroney, supra.*

■ Appellant's final contention is likewise without merit. At trial, complainant testified that after he was robbed, he proceeded home and then walked his dog back to the scene of the incident. The police were present when he returned. Complainant testified that he reported the incident to Detective Hoy. Appellant now contends that trial counsel was ineffective for failing to subpoena Detective Hoy's records, arguing that *if* the records contradicted the complainant's assertion that he reported the robbery, the complainant's credibility, which admittedly was a primary issue, would have been adversely affected. There is, however, nothing in the record to indicate any question as to whether the incident was reported to the police. Moreover, at the close of testimony on November 6, 1975, PCHA counsel requested a continuance to review the matter and to attempt to locate the report. The hearing was continued until November 26, 1975, at which time PCHA counsel indicated that no further testimony would be given. Nothing of record demonstrates that the report was unavailable to PCHA counsel. As we previously noted, an alleged error of this type cannot be equated with ineffective assistance of counsel unless it is shown that the missing testimony would be helpful. The failure to do a futile act cannot support an

allegation of ineffectiveness. *Cf. Commonwealth v. Gaither,* 244 Pa.Super. 54, 366 A.2d 580 (1976).

The order of the lower court is affirmed.