392 A.2d 810

COMMONWEALTH of Pennsylvania

v.

Wendell LONG, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 14, 1977.

Decided Oct. 20, 1978.

Mark E. Kogan, Philadelphia, for appellant.

L. Ross, Assistant District Attorney, with him F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is a direct appeal from appellant's conviction following a jury trial, on charges of rape and simple assault. Appellant asserts that the prosecutor made improper and prejudicial remarks during his summation. Furthermore, appellant argues that his trial counsel was ineffective because he failed to object to the prosecutor's remarks. After a careful review of the record, we reverse and remand for a new trial.

■ The general rule in this area of the law is that a prosecutor must limit his argument to the facts in evidence and the legitimate inferences therefrom. *Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Adkins,* 468 Pa. 465, 364 A.2d 287 (1976); *Commonwealth v. Horshaw,* 237 Pa.Super. 76, 346 A.2d 340 (1975); *Commonwealth v. Shaffer,* 224 Pa.Super. 564, 307 A.2d 394 (1973). This is especially important because the prosecution is a quasi-judicial officer representing the Commonwealth. *Commonwealth v. Gilman,* 470 Pa. at 188, 368 A.2d 253. He stands in the position of an administrator of justice as well as an advocate. As such, his duty is to seek justice, not simply convictions. *Commonwealth v. Gilman,* supra; *Commonwealth v. Collins,* 462 Pa. 495, 341 A.2d 492 (1975); *Commonwealth v. Revty,* 448 Pa. 512, 295 A.2d 300 (1972). The prosecutor has a responsibility "not to be vindictive or attempt in any manner to influence the jury by arousing their prejudices." *Commonwealth v. Revty,* 448 Pa. at 516, 295 A.2d at 302.

■ But, even where the prosecutor has uttered intemperate remarks, this court usually will not reverse a conviction on this basis unless the issue has properly been preserved for appeal. A specific objection must be raised by defense counsel at trial, otherwise this issue is waived. *Commonwealth v. Gilman,* 470 Pa. 179, 186, 368 A.2d 253 (1977); *Commonwealth v. Davenport,* 462 Pa. 543, 342 A.2d 67 (1975); *Commonwealth v. Mennyweather,* 458 Pa. 12, 329 A.2d 493 (1974); *Commonwealth v. Brooks,* 454 Pa. 75, 309 A.2d 732 (1973); *Commonwealth v. Allen,* 443 Pa. 15, 276 A.2d 539 (1971). As the court has explained,

"The purpose of requiring objection to improper argument is to bring the error to the attention of the trial court so that the court may attempt to cure it. If a defendant raises an objection to the impropriety of a prosecutor's summation in time for curative instructions, the issue is not waived." (Citations omitted.) *Commonwealth v. Gilman,* supra, 470 Pa. at 188, 368 A.2d at 256.

In the present appeal, trial counsel failed to object to the prosecutor's improper remarks. Normally we would hold

that appellant is precluded from now raising this issue. However, appellant engaged new counsel prior to the filing of post-trial motions. New counsel, who now brings this appeal, argued in post-verdict motions that trial counsel was ineffective for failing to timely object to the prosecutor's improper statements. The lower court overruled defense counsel's post-verdict motions and this appeal follows.[1]

The established test of effective assistance of counsel is whether a particular course chosen by counsel had some reasonable basis designed to effectuate the client's interests. *Commonwealth v. Roundtree,* 469 Pa. 241, 364 A.2d 1359 (1976); *Commonwealth v. Fricke,* 250 Pa.Super. 370, 378 A.2d 982 (1977). This court's scope of inquiry when claims of ineffective assistance of counsel are raised entails both an independent review of the record and an examination of counsel's stewardship in the light of available alternatives, to determine if the course chosen by counsel had some reasonable basis. *Commonwealth v. Skurkis,* 465 Pa. 257, 264, 348 A.2d 894 (1975); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349 (1967). Using this test, we fail to find any reasonable basis for trial counsel's failure to object to the prosecutor's improper remarks. Since the doctrine of basic and fundamental error is no longer viable, *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974), trial counsel's failure to object seriously jeopardized appellant's opportunity for obtaining a fair trial. Had previous counsel raised the objection at the trial level, the lower court could have taken care to give the jury

---

1. The lower court did not specifically address the issue of defense counsel's ineffectiveness because it decided that the district attorney's remarks were not so prejudicial as to warrant a new trial. It should be noted that the entire summation to the jury of both defense counsel and prosecution were recorded. When this is done, it is not necessary for defense counsel to make a specific objection after each challenged remark, since the purpose of requiring immediate objections during unrecorded testimony is so that the allegedly improper remarks can be placed on the record. *Commonwealth v. Perkins,* 473 Pa. 116, 373 A.2d 1076, 1084 n. 10 (1977). Nevertheless, where the entire summation has been recorded, specific objections must be raised at the end of the argument or the issue is waived. *Id.* at 1084 n. 10. See *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

remedial instructions or the court might chose to order a new trial. Additionally, trial counsel's timely objection would have properly preserved for appellate review the issue of improper prosecutorial summation. Taking into consideration these factors trial counsel's failure to object could not reasonably have been designed to further his client's interests. In this respect, trial counsel was ineffective. We therefore hold that the issue of the prosecutor's improper remarks was not waived, and we now can reach the merits of that argument.

While not every improper remark calls for an automatic reversal, *Commonwealth v. Chandler,* 237 Pa.Super. 19, 346 A.2d 579 (1975), a prosecutor's expression of personal opinion regarding the defendant's guilt, credibility, or strategy may be so prejudicial as to amount to reversible error. *Commonwealth v. Cherry,* 474 Pa. 295, 378 A.2d 800 (1977). Direct or indirect statements and suggestions, as by a figure of speech, conveying the prosecuting attorney's opinion regarding the accused's guilt are improper. *Commonwealth v. Cronin,* 464 Pa. 138, 346 A.2d 59 (1975); *Commonwealth v. Gilmore,* 245 Pa.Super. 27, 369 A.2d 276 (1976). This kind of argument is reversible error if the "unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Simon,* 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). See also, *Commonwealth v. Stoltzfus,* 462 Pa. 43, 61, 337 A.2d 873 (1975); *Commonwealth v. Gilmore,* supra, 245 Pa.Super. 31, 369 A.2d at 278. Other remarks which inspire the passions and prejudices of the jurors are equally proscribed because "[t]he determination of guilty must *not* be the product of fear or vengeance, but rather intellectually compelled after a disinterested, impartial and fair assessment of the testimony that had been presented." *Commonwealth v. Harvell,* 458 Pa. 406, 411, 327 A.2d 27, 30 (1974). (Emphasis in original.)

Appellant highlights the following excerpts from the prosecutor's summation, alleging that these are examples of remarks which are improper.

"There are ethical standards which I must follow. I will not ask you to bring back a verdict, I will ask you to be reasonable and be truthful. The judge will give you the law that you must follow. Mr. Brockington must represent his client to the best of his ability, whether he isn't or whether he is guilty. And that's how Mr. Brockington operates, and I have to operate under the truth.

"If there is any evidence which points to the lack of guilt of the defendant, I have to turn that over to Mr. Brockington. He does not have to do the same for the Commonwealth. (N.T. p. 224.)

\* \* \* \* \* \*

"Don't allow the defendant to sneak out of this Courtroom under the cover of smoke. Because Mr. Brockington knows that on a clear day you can see forever and ever, and on a cloudy day it is quite difficult to see the truth, quite difficult." (N.T. p. 231.)

In this connection the prosecutor then described trial counsel as a "not guilty machine," and went on to say,

"I don't believe that you will be one to fall prey to all of the attempts by one of the fine attorneys in this City to play on your emotions." (N.T. p. 232.)

The prosecutor also questioned the veracity of one of defense counsel's witnesses, who had essentially testified that the complainant in the instant case had also accused another man of raping her. Regarding this testimony, the prosecutor said,

"But I say to you, I doubt very seriously whether or not this incident occurred." (N.T. p. 230.)

The prosecutor concluded his summation with the following,

"[T]hink about the larger issue here, not just Miss Byrne, but the fact that any male or female of any size, shape or color can ride the subway at 4:00 a. m. or 4:00 p. m. if they like in safety without fear." (N.T. p. 247, 248.)

We conclude that the above remarks were improper. Furthermore, in combination, they were unduly prejudicial to

appellant. In particular, the prosecutor's assertion that he must "operate under the truth," whereas defense counsel "must represent his client to the best of his ability, whether he isn't or whether he is guilty," along with the allegation that defense counsel is a "not guilty machine," go outside the evidence and beyond any legitimate inferences of the case at hand. These statements divert the juror's attention away from their duty of weighing the evidence impartially, and install in their minds the idea that defense counsel is hiding the truth from them, the truth being appellant's guilt. The prosecutor would have the jury believe that only his evidence is truthful and that defense counsel is just trying to get his client "off" by pleading him not guilty. This assertion goes against the presumption of innocence since it makes it appear that appellant's guilt is a foregone conclusion.

The prosecutor also acted improperly when he accused the appellant of trying to "sneak out of this Courtroom under the cover of smoke." Comparable language was condemned by the Court in *Commonwealth v. Gilman,* supra, 470 Pa. at 190, 368 A.2d 253 and *Commonwealth v. Collins,* 462 Pa. 495, 341 A.2d 492 (1975).

Similarly, the prosecutor's statement wherein he asked the jury to "think about the larger issue here" was improper. This remark required the jurors to consider matters outside the evidence and was an attempt to arouse the fears of the jurors. See *Commonwealth v. Hamilton,* 460 Pa. 686, 334 A.2d 588 (1975).

This court has also held that it is improper conduct for the prosecutor to express his personal opinion as to the credibility of a witness. *Commonwealth v. Chandler,* 237 Pa.Super. 19, 346 A.2d 579 (1975). The test for this type of comment, as for all improper remarks, is whether the unavoidable effect of the prosecutor's language would be to prejudice the jury, "forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Simon,* 432 Pa. 386, 394, 248 A.2d 289, 292 (1968).

In the instant case, the prosecutor directly impugned the credibility of a defense witness, saying "I doubt very seriously whether or not this incident occurred." The prosecutor's statement was calculated to encourage the jury to disbelieve the defense witness, who had testified that the complainant had on a prior occasion accused another man of raping her. Though this type of comment may not in itself always require a reversal, *Commonwealth v. Chandler,* supra, 237 Pa.Super. at 24, 346 A.2d 579, this remark along with the prosecutor's other improper statements cumulatively worked to adversely affect the right of the defendant to a fair trial.

Accordingly, we find that the prosecutor's summation was indeed improper, and that trial counsel was ineffective for failing to timely object. We hereby reverse appellant's convictions and remand to the court below for a new trial.

It is so ordered.

JACOBS, President Judge, concurs in the result.

VAN der VOORT, J., dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.