417 A.2d 1156

**COMMONWEALTH of Pennsylvania**

v.

**Keith BARREN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1978.

Filed Dec. 7, 1979.

Reargument En Banc Denied Feb. 11, 1980.

494

Holly Maguigan, Philadelphia, for appellant.

Sheldon M. Finkelstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Keith Barren appeals from the judgment of sentence imposed following his convictions of forcible rape [1] and statutory rape. [2] All but one of the issues raised pertain to the effectiveness of trial counsel. [3]

The charges against appellant arose from an alleged sexual assault on an eleven-year-old girl. The minor complain-

1. 18 Pa.C.S. § 3121.

2. 18 Pa.C.S. § 3122.

3. Appellant is now represented by different counsel.

ant, Helen Wells, testified that she had been awakened from sleep during the early morning hours of March 13, 1976, by appellant, who had been staying with her mother, Inez McCollum. The minor could not fix the time but said it was sometime after 1:00 o'clock, A.M. She testified that appellant, armed with a knife, had taken her to the bathroom of the apartment, where he ordered her to disrobe and raped her. When she cried out, appellant stuffed a wash cloth into her mouth. Appellant then obtained outer garments for the child, and after she had dressed herself, he took her to an unoccupied building adjacent to their apartment. There she was once again forced to undress and submit to appellant's sexual advances. Afterward, appellant threatened to kill the child if she told anyone about his conduct. Helen did not tell her mother of it until March 16, 1976, after which the incident was promptly reported to the police.

Following conviction, post trial motions were filed and denied. Appellant was sentenced to serve from two to ten years in prison. No direct appeal was filed. In May, 1977, appellant filed a P.C.H.A. petition. Following a hearing thereon, the trial court vacated the sentence and permitted appellant to file post trial motions nunc pro tunc. A motion for new trial raised, inter alia, the alleged ineffective assistance of counsel, and an evidentiary hearing was held thereon. Thereafter, appellant's post trial motions were dismissed, and the same sentence was reimposed. The present appeal is from that judgment of sentence.

In determining the claim of ineffective assistance of counsel we apply, as we must, the standard set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

"Our task in cases of this nature . . . encompasses both an independent review of the record . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to

conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis."

In applying the above test, it is axiomatic that the threshold question is whether the course which counsel is accused of failing to pursue had some reasonable basis. Counsel will not be deemed ineffective if the action which he failed to take would have been frivolous or futile. *Commonwealth v. Nero*, 250 Pa.Super. 17, 378 A.2d 430 (1977); *Commonwealth v. Yarbough*, 248 Pa.Super. 356, 375 A.2d 135 (1977).

Many of the actions which it is now contended that trial counsel should have taken would indeed have been futile. Thus, we find no merit in appellant's claim that counsel was ineffective for failing to object to the competency of the eleven-year-old Commonwealth witness and alleged victim. The competency of youthful witnesses is to be determined in the discretion of the trial judge after an inquiry as to mental capacity. For such a witness to be competent there must be (1) a capacity to communicate, including an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe and remember the occurrence, and (3) a consciousness of the duty to speak the truth. *Rosche v. McCoy*, 397 Pa. 615, 620–21, 156 A.2d 307, 310 (1959). The trial judge in the instant case examined the minor witness and determined that she was competent. The record of his questions and the answers of the witness suggest most clearly that an objection by defense counsel would have been futile, perhaps even ill-advised.

Similarly, trial counsel was not ineffective for failing to make an objection to the trial judge's reference to "the rape" or to "a sordid story" during his closing instructions. His charge clearly left it to the jury to determine whether

498

the Commonwealth's evidence proved that a rape had in fact occurred and that appellant had committed it.

Appellant's next contention is that trial counsel was ineffective because he failed to interview the victim's mother prior to or during trial. Although Inez McCollum was not present during the events testified to by her daughter, appellant suggests that such an interview might have revealed a conspiracy between mother and daughter to accuse appellant falsely. We reject appellant's argument that counsel was ineffective. Not only did the minor's mother lack firsthand knowledge of the events testified to by her daughter but she was known to be extremely hostile to appellant and demanding of severe punishment for the accused rapist of her daughter. Defense counsel's strategy was to cross-examine the mother about the influence, if any, which she had exerted upon the testimony of her daughter. When the Commonwealth declined to offer the mother as a witness, appellant and his counsel conferred and decided that it would be potentially damaging and inadvisable to call her as a defense witness. This was a tactical decision not unwarranted by the information possessed by counsel. We will not hold counsel ineffective for failing to interview Inez McCollum during the trial to ascertain what she would have said before concluding that she should not be offered as a defense witness. To require defense counsel in a rape case to interview the victim's parents for the purpose of probing the credibility of the victim's testimony would be to impose upon counsel a duty which is as impractical as it is purposeless.

The decision in *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976), does not compel a different result. The witnesses whom counsel neglected to interview in that case were disinterested eyewitnesses. The Supreme Court held that their possible hostility to the defendant did not excuse defense counsel's obligation to interview such witnesses or at least attempt to do so. The Court's holding should not be indiscriminately expanded to require defense counsel, upon threat of being declared ineffective, to inter-

view all conceivable witnesses irrespective of the nature or extent of their potential information. Trial counsel's failure to interview potential witnesses will not be equated with ineffective assistance in the absence of a showing that his or her testimony would have advanced the fact finding process. *Commonwealth ex rel. Washington v. Maroney,* supra, 427 Pa. at 609–10, 235 A.2d at 355; *Commonwealth v. Yarbough,* supra, 248 Pa.Super. at 362–63, 375 A.2d at 139.

■ In the instant case, appellant has neither suggested nor proved that the mother of the victim possessed information which would have been helpful to the defense. In the absence of reason to believe that she had relevant information that would benefit the defendant, the lower court properly refused to award a new trial merely because counsel had not interviewed the mother of the alleged juvenile victim.

■ · Appellant also contends that trial counsel was ineffective for failing to call appellant's aunt, Mrs. Knight, and appellant's late evening drinking companion, Nip Kennedy, as witnesses for the defense. The relevance of their testimony was marginal at best, pertaining to appellant's whereabouts before he arrived at Inez McCollum's home on the morning in question. The decision not to call Mrs. Knight was a strategy decision for which counsel had a reasonable basis. Kennedy, moreover, could not be located despite the efforts of a paid, private investigator and assistance from members of appellant's family.[4] Under these circumstances, counsel's decisions cannot be equated with ineffective assistance.

■ We are constrained to agree, however, that counsel's assistance was constitutionally ineffective when he *failed to object to several improper remarks made by the prosecutor during final summation.* During closing argu-

4. The facts of this case are not comparable to the facts in *Commonwealth v. Fallings,* 251 Pa.Super. 365, 380 A.2d 822 (1977), where counsel's ineffectiveness was founded upon a failure to issue a subpoena for or otherwise arrange for the appearance of a material witness whose whereabouts were known.

ment the prosecutor may refer to all facts properly in evidence and may argue all reasonable inferences from such evidence. *Commonwealth v. Graham*, 467 Pa. 417, 358 A.2d 56 (1976). However, it is improper to argue facts not proved or to misstate the evidence. *Commonwealth v. Toney*, 474 Pa. 243, 378 A.2d 310 (1977); *Commonwealth v. Patterson*, 247 Pa.Super. 527, 372 A.2d 1214 (1977); Sections 5.8(a) and 5.9 of the ABA Project on Standards for Criminal Justice Relating to the Prosecution Function. This is peculiarly so where facts not of record are used to inflame the passions or prejudices of the jury. *Commonwealth v. Patterson*, supra. Moreover, there is no longer any room for doubt that it is improper for a prosecutor to express his personal belief as to the credibility of either prosecution or defense witnesses. *Commonwealth v. Kuebler*, 484 Pa. 358, 399 A.2d 116 (1979); *Commonwealth v. Pfaff*, 477 Pa. 461, 384 A.2d 1179 (1978); *Commonwealth v. Bullock*, 266 Pa.Super. 566, 405 A.2d 943 (1979); *Commonwealth v. Gilmore*, 245 Pa.Super. 27, 369 A.2d 276 (1976); ABA Standards Relating to the Prosecution Function, § 5.8(b). "In determining whether the established bounds of propriety have been exceeded in closing argument, we must ever be mindful of the 'possibility that the jury will give special weight to the prosecutor's arguments, not only because of the prestige associated with his office, but also because of the fact-finding facilities presumably available to him.'" *Commonwealth v. Van Cliff*, 483 Pa. 576, 583, 397 A.2d 1173, 1177 (1979). See also: ABA Standards Relating to the Prosecution Function § 5.8, Commentary at pp. 126–127.

The District Attorney suggested to the jury at the beginning of his closing argument that a rapist possessed the following qualities:

"The crime of rape, at one time, although I do not think now, the popular conception of the rapist is some misshapen, deformed human being. That does not apply to the physical appearance of the rapist, but they are deformed and misshapen in their mind. They are normal people like you and I, they get lustful for some reason or another.

The concept that a rapist slashes or beats or does nothing else to the victim is also a popular misconception that you should get out of your mind. *A rapist's thrill is to have a woman submit by force, he overcomes her will. It is the kinky characters that like to assault, too."* (Emphasis added.)

Later, having referred to appellant's possession of a kitchen knife, the prosecutor said to the jury:

". . . Maybe when Keith Barren went into the kitchen, maybe he did want some eggs because it is a kitchen knife. But when he got in the kitchen, he picked that knife, you can infer, because it was a kitchen knife. He wanted something else at that time. *He may have had an argument with Inez McCollum. That suggests that he did not get any gratification that night and he was drunk,* he had been drinking. So he wanted some gratification. His idea is this nice little girl laying in bed, small and tender." (Emphasis added.)

And still later:

"Finally, every defendant is entitled to a jury trial. This defendant exercised his right. Can you imagine an eleven year old girl getting up in Court and telling you about this violation of her body? Is this something that she would welcome? . . .

*"When Helen got up there she had to go through this ordeal because she wanted to bring to you the truth, what actually occurred."* (Emphasis added.)

 These remarks of the District Attorney were improper. There was no evidence upon which to conceptualize a rapist or upon which to base a description of the thrill or misshapen mind of such a person. The effect of these remarks was to brand appellant as an abnormal, kinky, lustful person. The prosecutor's argument that appellant was drunk and wanted gratification from a child because that evening he had quarreled with and had received no gratification from Inez McCollum was also unsupported by evidence. Finally, it was improper to suggest to the jury the prosecutor's personal belief that because appellant insist-

ed upon his right to trial, the victim had been put through an ordeal which she accepted because she wanted to bring the truth to the jury.

While the prosecutor continued to exceed the bounds of proper argument, appellant's trial counsel made no objection. He testified at the post trial hearing that he found the prosecutor's remarks unobjectionable and felt that by registering objections he would merely irritate the jurors. There are many times, to be sure, when sound trial strategy suggests that an improper remark by opposing counsel be ignored. Here, however, the prosecutor's remarks were so far removed from the proper limits of advocacy that counsel's fear of irritating the jury was no longer a sound reason for permitting them to go unchallenged. See: *Commonwealth v. Valle*, 240 Pa.Super. 411, 362 A.2d 1021 (1976).

The judgment of sentence is vacated, and the matter is remanded for a new trial.

LIPEZ, J., files a concurring opinion.

VAN der VOORT, J., files a dissenting opinion.
Before VAN der VOORT, WIEAND and LIPEZ, JJ.

LIPEZ, Judge, concurring:

This case presents the all too oft-recurring situation of a carefully tried case foundering because of the prosecuting attorney's excessive zeal in his closing address to the jury. I agree that he overstepped the permissible bounds of forceful advocacy, as Judge Wieand's able opinion demonstrates, and that appellant is entitled to a new trial. I should like however to offer a number of observations and suggestions which in my judgment would minimize the resultant prejudice from such improper remarks.

It is apparent that the adversary process in criminal trials, when left to the actions and judgment of trial counsel alone is not sufficient to protect the rights of both society and

defendants.[1] Time and again we see the sorry spectacle of the failure of defense counsel to object to improper remarks of the prosecuting attorney, which failure, though waived on direct appeal, finally comes back to haunt us on ineffectiveness of counsel contentions.

The trial judge, in jury cases, "is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law." *Quercia v. United States*, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321, 1324 (1932). *See* also *Commonwealth v. Claiborne*, 175 Pa.Super.Ct. 42, 50, 102 A.2d 900 (1953). 75 Am.Jur.2d Trial S.87. It has long been recognized in this Commonwealth that the trial judge not only has the power, but in proper cases the duty as well to "supervise the addresses of counsel so far as may be necessary to protect prisoners or parties litigant from injurious misrepresentations and unfair attack, and the jury from being misled. When this power should be exercised must be left to the sound discretion of the judge, and he should not hesitate to act where the fair administration of justice requires him to do so." *Commonwealth v. Mudgett*, 174 Pa. 211, 257, 34 A. 588 (1896). "The trial judge may, and should, confine arguments within the limitations of legitimate advocacy." *Commonwealth v. Ross*, 190 Pa.Super. 145, 154, 152 A.2d 778 (1959). *Commonwealth v. Phillips*, 183 Pa.Super. 377, 385, 132 A.2d 733 (1957). *See* also *Sadler*, Criminal Procedure in Pennsylvania, 2d Ed. § 561, 562, 563. He should in my judgment take an active role in the trial process where the circumstances warrant it; and, when it is apparent to him that the remarks of counsel are

1. A.B.A. Standards for Criminal Justice, The Function of the Trial Judge 1.1 General Responsibility of the trial judge:

"(a) The trial judge has the responsibility for safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice. The adversary nature of the proceedings does not relieve the trial judge of the obligation of raising on his own initiative, at all appropriate times and in an appropriate manner, matters which may significantly promote a just determination of the trial. The only purpose of a criminal trial is to determine whether the prosecution has established the guilt of the accused as required by law, and the trial judge should not allow the proceedings to be used for any other purpose."

improper or bordering on the improper, should sua sponte call counsel to side bar, caution him or her against the line of argument being pursued, and where necessary, give appropriate cautionary instructions.

I hope also that our Supreme Court, in the exercise of its supervisory powers, would restore once again the long-standing practice which prevailed prior to *Commonwealth v. Adkins*, 468 Pa. 465, 364 A.2d 287 [2] (1976), requiring objection to be made as soon as the objectional language is used regardless of whether or not the closing argument is recorded. I think the prior rule has at least two important advantages: (1) It not only gives prompt warning to the court and opposing counsel of the improper argument, but serves as a reminder to counsel to desist from further argument along such lines, and (2) enables the trial judge to give immediate cautionary instruction before the objectionable argument becomes firmly implanted in the jury's mind.[3]

And finally I venture to suggest that since the proposed procedure is within the Supreme Court's rule making powers, that the Criminal Procedural Rules Committee fashion

**2.** In *Adkins*, the Supreme Court ruled that where the closing address was recorded, it was unnecessary to make objections during argument.

**3.** In *Commonwealth v. Wilcox*, 112 Pa.Super. 240, p. 250, 170 A. 455 (1934), Judge Keller, one of the great judges of this Commonwealth speaking for this court cogently pointed out:

"In a long extended trial, especially, it is only fair to the court and jury, no less than to the district attorney, that if the latter's remarks to the jury be deemed objectionable exception be taken to them at once, so that the court may immediately instruct the jury to disregard them, if the matter is not so objectionable as to require the withdrawal of a juror, and warn the speaker to be more careful in the future, restricting himself to fair discussion of the evidence, the inferences reasonably to be drawn therefrom and fair and restrained argument to the jury based thereon. Otherwise in the ardency sometimes incident to the trial of a hotly contested case, and in reply to counsel who have forcefully and enthusiastically presented the defendant's case in perhaps a more favorable light than it deserved, the Commonwealth's officer may not be aware that what he is saying is objectionable to the defendant, and thus go on repeating and adding to what would have been eliminated if the defendant's counsel had promptly and at once voiced his objection."

and the Court adopt an appropriate Rule mandating immediate objection.

VAN der VOORT, Judge, dissenting:

I respectfully dissent to that part of the Opinions of the Majority which holds that trial counsel was ineffective for not objecting to the remarks of the prosecutor in his closing remarks to the jury. I agree that trial counsel was not ineffective for failing to object to the competency of the eleven year old victim to testify nor in not objecting to the trial judge's use of the words "the rape" or "a sordid story"; nor was he ineffective in not interviewing the victim's mother who was known to be hostile to the defendant, nor was he ineffective in not calling defendant's aunt as a witness.

In his closing speech to the jury, the District Attorney described the qualities of a rapist. He told the jury that a rapist was a lustful person and stated that ". . . the concept that a rapist slashes or beats or does nothing else to the victim is also a popular misconception that you should get out of your mind. A rapist's thrill is to have a woman submit by force. He overcomes her will. It is the kinky characters that like to assault too."

Later on he said:

". . . he wanted something else at that time. He may have had an argument with Inez McCollum. That suggests that he did not get any gratification that night and he was drunk, he had been drinking, so he wanted some gratification. His idea is this nice little girl laying in bed, small and tender."

And still later:

"Finally, every defendant is entitled to a jury trial. This defendant exercised his right. Can you imagine an eleven year old girl getting up in Court and telling you about this violation of her body? Is this something that she would welcome? . . .

"When Helen got up there she had to go through this ordeal because she wanted to bring to you the truth, what actually occurred."

The evidence of the Commonwealth showed the defendant to be a lustful person with a warped mind. There was ample evidence from the manner in which this rape of an eleven year old girl was committed to warrant the description of a rapist which the District Attorney made. In his statement regarding the eleven year old girl getting up in Court and telling about the violation of her body and that she did this because she wanted to bring the truth to the jury was a proper argument in support of the credibility of the victim. The District Attorney did not say that he personally believed in the truthfulness of the victim-witness but was indicating to the jury why the victim-witness was credible and should be believed.

As the District Attorney was speaking these words, counsel had to determine whether the interests of his client called for an objection or whether his client would be better off if no issue were made concerning them. Defense counsel obviously decided that his client would be better off if he made no issue concerning the remarks. This is not ineffectiveness.

I would affirm the judgment of sentence.