489 A.2d 921

**COMMONWEALTH of Pennsylvania**

v.

**Charles NEIDIG, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 18, 1984.

Filed March 15, 1985.

218

Peter T. Campana, Williamsport, for appellant.

Robert B. Sacavage, District Attorney, Mount Carmel, for Comm., appellee.

Before CAVANAUGH, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from judgment of sentence entered by the Court of Common Pleas of Northumberland County. Appellant was convicted of possession of a small amount of marijuana, possession with intent to deliver marijuana, and

two counts of unlawful delivery of marijuana. He was sentenced to 15 to 30 days for possession of a small amount of marijuana, to run concurrently with a sentence of 2½ to 5 years for possession with intent to deliver marijuana. For each of the unlawful delivery of marijuana charges, appellant was sentenced to 2½ to 5 years, to begin at the expiration of and run consecutively to the sentence for possession with intent to deliver marijuana. In sum, appellant was sentenced to a minimum of 7½ years and a maximum of 15 years. Post-verdict motions were denied, and appellant now challenges the sufficiency of the evidence presented against him, the trial judge's denial of his motion to suppress certain evidence, the propriety of certain prosecutorial remarks made during closing arguments, and also the fairness of the sentence imposed.

Commonwealth witness Kirk J. Weaver testified at appellant's trial. Weaver's residence had been searched by the police, and more than a quarter pound of marijuana was found. At that time, Weaver stated that he had sold stolen property to appellant. Pursuant to a search warrant based on this statement, appellant's residence was searched by Coal Township police. While looking for the stolen property that was the basis for the search warrant, the police discovered 24.5 grams of marijuana, as well as drug paraphernalia including scales, plastic baggies, spoons, and pipes. These items were beyond the scope of the search warrant; however, appellant gave the police written permission to seize them without obtaining a new warrant. All of these items were admitted into evidence at trial.

Weaver testified at trial that the marijuana discovered at his residence was purchased from appellant. It is appellant's contention that Weaver's testimony is the only evidence on record establishing any sale between the two parties, and, standing alone, is insufficient to prove the second of the two delivery of marijuana charges brought against him. Although we believe that the testimony corroborated by the physical evidence presented was sufficient to establish one delivery, we agree with appellant that the

evidence as a whole was insufficient as a matter of law to prove two separate deliveries of marijuana.

At the time of his arrest, Weaver told police that the marijuana found at his residence was purchased in part from appellant and in part from someone in Harrisburg. However, Weaver testified that he lied to the police. In this connection he stated simply that all the marijuana recovered at his home was purchased from appellant. This testimony contradicted any previous statements regarding the location of a second transaction. More importantly, it negated the very existence of a second transaction. Further, Weaver testified that the marijuana was purchased from appellant approximately two days prior to his June 10 arrest, and was all in one bag at the time of sale. We therefore conclude that the evidence was insufficient as a matter of law to prove that two separate deliveries occurred.

Accordingly, we now consider which of appellant's two delivery convictions must be reversed. Appellant was charged in one information with the delivery of one half pound of marijuana in "May/June" of 1981; in a second information, he was charged with the delivery of one half ounce of marijuana in "June" of 1981. While it is clear from the record that both the half pound and the half ounce were commingled in a single transaction, and although the record indicates that this one delivery occurred on approximately June 8, 1981, we have no way of knowing whether this is the "May/June" delivery or the "June" transaction described in the informations. In other words, the single transaction that did occur could properly be attributed to either of the two informations, since the ambiguity of the dates therein was never clarified at trial. Thus, strictly speaking, appellant's challenge of only one of the convictions is incomplete, since the evidence could be attributed as properly to the challenged conviction as it could to the other one. However, in the interests of justice we will not allow both convictions to stand, and since the conviction for delivery of 14.5 grams of marijuana at No. CR–81–294 (the "June" transaction) is the only one challenged on this

appeal, we will reverse that one and deem the transaction as having occurred in "May/June" of 1981.

Appellant argues that the trial judge erred in denying his motion to suppress the physical evidence seized from his premises. He contends that since the physical evidence was improperly admitted, and because it cannot be said that the evidence had no effect upon the jury's verdict, a new trial is required. *Commonwealth v. Parks*, 273 Pa.Super. 506, 417 A.2d 1163 (1979). Specifically, appellant urges that the consent to search form that he signed is without force because it was the product of an unlawfully issued warrant, one that was based upon an insufficient affidavit. We disagree, and hold that the physical evidence was properly admitted.

In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court recently abandoned the inflexible affidavit requirements of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Instead, the majority reaffirmed "the totality of the circumstances analysis that traditionally has informed probable cause determinations." *Gates* at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 545. The Court stressed in *Gates* the propriety of a more fluid, less mechanical assessment of probable cause.

This Court has adopted the more flexible *Gates* approach. *Commonwealth v. Davis*, 331 Pa.Super. 285, 480 A.2d 1035 (1984); *Commonwealth v. Price*, 318 Pa.Super. 240, 464 A.2d 1320 (1983); *Commonwealth v. Sorrell*, 319 Pa.Super. 103, 465 A.2d 1250 (1983). Further, we have applied *Gates* retroactively. *Price, supra*.

In the instant case, Weaver declared, against his interest, that he sold stolen property to appellant. This personal involvement in the illegal transaction provided a basis of knowledge strong enough to outweigh a lack of previous reliable tips. Further, since only two days had allegedly passed between the most recent sale of stolen property and the search, it was reasonable to assume that

the stolen goods would still be at appellant's residence. In short, we find no deficiencies in the determination of probable cause, which must be accorded the utmost deference by this Court. *Gates, supra.*

Appellant's next contention is that he is entitled to a new trial because the trial court erred in denying his motion for mistrial and for cautionary instructions. The motion was made on the basis of an allegedly inflammatory and improper argument made by the district attorney during his closing argument.

Specifically, the district attorney in his closing argument said to the jury: "[The defense] can suggest to you all kinds of possible ways it might have happened, he can suggest hypotheticals, and he can suggest all types of things, and he is allowed to do that ... I ... must restrict myself to the evidence and can only discuss with you things that are in evidence and reasonable and logical inferences to be drawn therefrom."

In urging that these comments constitute reversible error, appellant relies solely upon the similarity between the remarks made by the district attorney in the present case and those made during the Commonwealth's summation in *Commonwealth v. Long,* 258 Pa.Super. 312, 392 A.2d 810 (1978), wherein undue prejudice of the jury was found. We find important distinctions between that case and the present one.

In *Long,* the prosecutor made a series of improper remarks. The first of these, to the effect that the prosecution was bound to operate under the truth while defense counsel's role was simply "to get his client off," was similar to the remarks in the present case, although more forcefully stated. However, the prosecution in *Long* went on to say that defense counsel was a "not guilty machine", that the defendant should not be allowed "to sneak out under cover of smoke," and that the jurors should consider the larger issue, namely the safety to the community in keeping the defendant off of the streets. In so doing, he directed the jurors' attention to matters outside of the evidence. Fur-

ther, the prosecutor gave his personal opinion regarding the credibility of a certain defense witness.

Each of the prosecutor's comments in *Long*, standing alone, was more harmful than the remarks here at issue, yet the Court only found prejudice because of the effect that the statements had upon the jury in *combination* with each other. In other words, taken together, those comments formed in the minds of the jury a "fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968); *Commonwealth v. Brown*, 489 Pa. 285, 414 A.2d 70 (1980).

■ The remarks of the district attorney in the present case did not rise to such a level of impropriety. The remarks implied only that the Commonwealth does not enjoy the same latitude as does defense counsel regarding the scope of closing arguments. The remarks here can hardly be said to create the hostility toward the defendant that was the determinative factor discussed in *Simon*, *supra*.

Appellant's final argument is that the sentence of 7½ to 15 years is manifestly excessive, although admittedly within statutory limits. We need not address this contention in light of our reversal of one of appellant's convictions and because we are remanding the case for re-sentencing.

■ Beyond those arguments raised by the appellant, we further hold that the sentence of 15 to 30 days for possession of a small amount of marijuana was improper. The possession offense should have merged with the possession with intent to deliver offense prior to sentencing.

■ The illegality of a sentence is not a waivable issue. *Commonwealth v. Balisteri*, 329 Pa.Super. 148, 478 A.2d 5 (1984); *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976). Therefore, appellant's failure to attack the legality of the sentence will not prevent this Court from addressing the issue.

One of the charges of which appellant was convicted was possession with intent to deliver marijuana. This related solely to the 24.5 grams of marijuana discovered at his residence at the time of arrest, as stated in the Information related to that charge. Appellant was also convicted for simple possession of the same 24.5 grams of marijuana.

If no further facts are needed to prove an additional offense, it merges into the primary offense for sentencing purposes, and only one sentence may thereafter be imposed. *Commonwealth v. Vazquez,* 328 Pa.Super. 86, 476 A.2d 466 (1984). This rule has been applied to cases involving the possession of marijuana. *Commonwealth v. Edwards,* 320 Pa.Super. 522, 449 A.2d 38 (1982). In *Edwards,* this Court held that possession with intent to deliver clearly includes possession, so that they should be merged for sentencing purposes. Such is the situation in the present case; since the same marijuana is the basis for both charges, the simple possession offense must merge into the possession with intent to deliver conviction. It is within the power of this Court to vacate an improper sentence. *Id.* Accordingly, the sentence of fifteen to thirty days for possession of a small amount of marijuana is vacated.

We are unable to tell whether the trial court would have sentenced differently on the remaining convictions had it known we would invalidate the sentence on two of the four charges. Therefore, we vacate sentence on the remaining charges as well and remand for resentencing on those counts. *See Commonwealth v. Rhodes,* 332 Pa.Super. 273, 481 A.2d 610 (1984); *Commonwealth v. Lezinsky,* 264 Pa.Super. 476, 400 A.2d 184 (1979).

Judgment of sentence vacated. The conviction for delivery of marijuana at No. CR–81–294 is reversed and appellant is discharged on that count. Case remanded for resentencing on possession with intent to deliver and delivery of marijuana at Nos. CR–81–292 (Count One) and CR–81–293. At No. CR–81–292 (Count Two), possession of a small amount of marijuana, the conviction merges for sentencing

purposes with No. CR–81–292 (Count One). So ordered. Jurisdiction is relinquished.