J-S57007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERNARD HILL JR. | : | |
| | : | |
| Appellant | : | No. 1819 EDA 2017 |

Appeal from the Judgment of Sentence January 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015274-2012

BEFORE: PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, J.                **FILED DECEMBER 14, 2018**

A jury convicted Bernard Hill, Jr., of burglary and criminal trespass. On appeal, he raises only a single issue. He contends the court erred when it denied his objection to the prosecutor's closing argument. We conclude Hill did not preserve this argument, and therefore affirm.

At trial, the Commonwealth presented eyewitness evidence that Hill broke a window in a Philadelphia residence and removed a candle from the inside windowsill. When the eyewitness confronted him, he cursed and fled from the scene. He was detained near the scene of the crime wearing clothing that matched the description given by the eyewitness. When he was escorted back to the crime scene, the eyewitness positively identified him.

_____

* Retired Senior Judge assigned to the Superior Court.

During closing arguments, the prosecutor told the jury:

> We both have jobs to do. [Defense counsel's] job is to represent Bernard Hill. It is to zealously advocate for his client. It's to make sure that he is found not guilty … It's to do whatever he can for his client, and if that includes throwing out different theories to distract you from the facts of the case, to distract you from the truth, that's what can happen.

N.T., Jury Trial, 11/2/16, at 143-144. Hill interrupted the argument with the single word, "objection." *Id*., at 143. The prosecutor continued her argument.

Hill contends the court erred in overruling his objection. He asserts the prosecutor's argument went beyond the facts of the case and instead focused on an attack on defense counsel's integrity.

We have long found that such attacks are improper and dangerous to a defendant's rights to a fair trial.

> In particular, the prosecutor's assertion that he must 'operate under the truth,' whereas defense counsel 'must represent his client to the best of his ability, whether he isn't or whether he is guilty,' along with the allegation that defense counsel is a 'not guilty machine,' go outside the evidence and beyond any legitimate inferences of the case at hand. These statements diver[t] the juror[s'] attention away from their duty of weighing the evidence impartially, and install in their minds the idea that defense counsel is hiding the truth from them, the truth being appellant's guilt. The prosecutor would have the jury believe that only his evidence is truthful and that defense counsel is just trying to get his client 'off' by pleading him not guilty. This assertion goes against the presumption of innocence since it makes it appear that appellant's guilt is a foregone conclusion.

*Commonwealth v. Long*, 392 A.2d 810, 813 (Pa. Super. 1978). *See also*

*Commonwealth v. Sargent*, 385 A.2d 484, 485 (Pa. Super. 1978) (finding

that attacks on the integrity of defense counsel "undercut the fairness of the trial in a particularly severe way").

However, Hill failed to preserve this argument for appellate review. "Even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver." **Commonwealth v. Sandusky**, 77 A.3d 663, 670 (Pa. Super. 2013) (citation and brackets omitted). As noted, Hill did not request a remedy at the time of his objection. He did raise the objection again at the end of the prosecutor's argument:

> I made four objections during closing. You made – you gave an instruction as to one, so I would assume that instruction was – that objection's sustained. And your instruction to disregard was the remedy the court provided. And the other three were overruled?

N.T., Jury Trial, 11/2/16, at 183. The court agreed with this interpretation, and defense counsel responded, "[t]hat's all I have." **Id**.

Hill never requested a mistrial or further curative instructions. The issue is therefore waived. As this is the only issue presented by Hill on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Strassburger joins the memorandum

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/14/18</u>