## STATE v. CYTY

### No. 2764

June 14, 1927.                                        256 P. 793.

1. CRIMINAL LAW—PREJUDICIAL ARGUMENT.
    In action for assault with intent to kill, statement of district attorney in closing argument that "as defendant told me he gloried in fact he would use a gun," clearly indicating that statement was made to the district attorney privately, was grossly improper and highly prejudicial and warranted reversal of conviction.

2. CRIMINAL LAW—PREJUDICIAL ARGUMENT.
    In a criminal prosecution, it is duty of the trial court, unsolicited, to reprimand instantly grossly improper and prejudicial conduct of the district attorney in argument.

3. CRIMINAL LAW—PREJUDICIAL CROSS-EXAMINATION.
    In prosecution for assault with intent to kill, question to defendant as to whether he ever used a gun on a man before was manifestly improper and unfair.

4. HOMICIDE—IMPROPER INSTRUCTION.
    In prosecution for assault with intent to kill, charge on elements necessary to authorize the killing of another person in self-defense was inapplicable.

5. CRIMINAL LAW—IMPROPER INSTRUCTION.
    It is error to give an instruction which is not applicable to the crime alleged in the information.

6. CRIMINAL LAW—IMPROPER INSTRUCTION.
    In prosecution for assault with intent to kill, charge that it was unlawful to carry concealed weapons should not have been given.

### C. J.–CYC. REFERENCES

CRIMINAL LAW—16 C. J. sec. 2229, p. 892, n. 5; sec. 2235, p. 894, n. 36; sec. 2242, p. 897, n. 93; p. 898, n. 95, 96; sec. 2270, p. 915, n. 45; sec. 2482, p. 1041, n. 12; 17 C. J. sec. 3638, p. 300, n. 41.

HOMICIDE—30 C. J. sec. 610, p. 356, n. 90; sec. 627, p. 380, n. 92; p. 381, n. 93.

APPEAL from the Fifth Judicial District Court, Nye County; *Frank T. Dunn,* Judge.

John Cyty was convicted of assault with a deadly weapon with intent to inflict bodily injury, and he appeals. **Reversed, and new trial granted.** (DUCKER, J., dissenting.)

*Ryland G. Taylor,* for Appellant:

It is error for prosecutor to state in his argument anything as fact which is not in evidence. State v.

Scott, 37 Nev. 432; L. R. A. 1918D, 7; State v. Givens, 152 P. 1054.

It is error for prosecutor to ask defendant on cross-examination if he ever committed some other crime, when such question is without foundation or connection with crime charged, or without offer to show its materiality, even though prosecutor is rebuked and jury instructed to disregard. People v. Wells, 34 P. 1078; Leahy v. State, 48 NW. 390.

It is error to instruct on self-defense, leaving out clause that if defendant acting as reasonable man believes it necessary to commit act to protect himself, he is justified. Rev. Laws, 6402; State v. Scott, 142 P. 1053; State v. Vaughn, 22 Nev. 285.

It was error to give instruction on carrying concealed weapon when crime charged is assault with intent to kill, as first is not necessarily included in second offense. People v. Bond, 1 Nev. 33; State v. McGinnis, 5 Nev. 337; 16 C. J. 1042.

*Joseph T. Murphy,* District Attorney, for Respondent:

Verdict will not be disturbed if there is substantial evidence to support it. State v. Buralli, 27 Nev. 41.

Alleged prejudicial statement referred to evidence. Court said, "That's his conclusion from what testimony was." Statement of fair deduction from evidence is not error. L. R. A. 1918D, 6. If statement proved not prejudicial reversal will not be granted. District attorney is authorized to base argument on evidence implying admission of facts charged. People v. Swaile, 107 P. 134.

Other offenses can now be shown to show motive, intent, or manner of perpetration. Morse v. Commonwealth, 111 SW. 714; Underhill, Crim. Ev. 200, 208. Prosecutor knew of defendant's former use of gun; the cross-examination was to show black spots in career painted so white on direct. There was no malice; question was asked in good faith, 8 Cal. Jur. 257; 16 C. J. 2229; People v. Allen, 137 Pa. 1148. If error

was committed, instruction No. 50 instructed jury to disregard all evidence stricken, and all questions to which objections had been sustained.

Instruction on self-defense is statutory. Rev. Laws, 6402.

Instruction on concealed weapons is also statutory. Rev. Laws, 6558. Defendant was carrying gun illegally. He killed another while so committing illegal act and was therefore guilty of manslaughter. Carrying concealed weapon was not presented as offense charged, but as element of it.

## OPINION

By the Court, COLEMAN, J.:

Defendant was charged with an assault with intent to kill, and convicted of the offense of assault with a deadly weapon with intent to inflict bodily injury. He has appealed from both the judgment and the order denying his motion for a new trial.

1. It is contended that the district attorney was guilty of misconduct prejudicial to the defendant by the use of the following language in his closing argument:

"As he told me to-day in talking to me, he gloried in the fact that he would use a gun. He indicated that he would use a gun at the slightest provocation."

At the time of the statement counsel for the defendant took appropriate steps to protect the rights of his client, and now assigns the remarks as prejudicial error. The court, in response to counsel's attack upon the remarks quoted, said:

"That is his conclusion from what the testimony was. The jury are to determine what the facts are."

What is the reasonable inference to be drawn from the language of the district attorney? Will it justify the statement of the trial court?

The district attorney did not say that the purported statement was made to him on cross-examination in the presence of the court and jury, but "as he told me in talking to me." To our minds this language clearly implies only one situation, namely, that the statement

was made to the district attorney privately, and not while he was being cross-examined in open court. Furthermore, a careful reading of the evidence of the defendant on cross-examination by the district attorney fails to disclose the slightest testimony to support the statement which is complained of. There was no such testimony given which would warrant any such conclusion by counsel, court, or jury. The statement was grossly improper and highly prejudicial in character. Courts have uniformly condemned as improper statements made by a prosecuting attorney, which are not based upon, or which may not fairly be inferred from, the evidence. State v. Rodriguez, 31 Nev. 342, 102 P. 863; State v. Irwin, 9 Idaho, 35, 71 P. 609, 60 L. R. A. 716; L. R. A. 1918D, page 8, note.

We might cite a great array of authorities to the effect that it is an abuse of the high prerogative of a prosecuting attorney in his argument to make statements of facts outside of the evidence or not fairly inferable therefrom, and that to do so constitutes error. In fact, there is no dissent from this view. The only matter which troubles the court when such an error is urged is whether or not it was prejudicial to the defendant.

2. Such misconduct is due to a variety of causes— sometimes to inexperience of the district attorney, sometimes to his vaulting ambition, sometimes to the fact that he is innocently carried away by the exuberance of his own misguided zeal, and sometimes to the bias or prejudice of special counsel—but whatever contributes to such an abuse of a great power, it is the duty of the court, unsolicited, to reprimand instantly such misconduct, and it is the part of a fair-minded prosecutor, when reminded of his indiscretion, to do all in his power to right the wrong done, remembering that he is the representative of the sovereign people of the state, who seek only the administration of justice.

There is no excuse for such misconduct in any kind of a case. If the state has a strong case it is not necessary, and if it has a close case such misconduct is gross injustice to the defendant. Furthermore, prosecutors

should remember that such misconduct often leads to the expense of burdensome retrials, which can but be a serious reflection upon their regard for the welfare of the taxpayer.

3. During the cross-examination of the defendant the district attorney asked the following question: "Did you ever use a gun on a man before?" Counsel for the defendant objected to the question and requested the court to admonish the district attorney not to ask defendant such questions. The court did sustain the objection, but ignored the request to admonish the district attorney. The question is manifestly improper and unfair. Suppose the defendant had used a gun upon some man when he was fairly justified in so doing, should he have been compelled to answer the question and then present his defense? We might present many illustrations to show the gross impropriety of such a line of inquiry and the many difficulties which might arise therefrom. Counsel should have been admonished, to say the least.

In People v. Wells, 100 Cal. 459, 34 P. 1078, an almost identical situation was presented. The district attorney asked the defendant if he had not admitted in a letter the commission of a crime at a previous time. The court went into the question at length, quoting from many decisions to show the viciousness of the action of the district attorney. It said:

"It would be an impeachment of the legal learning of the counsel for the people to intimate that he did not know the question to be improper and wholly unjustifiable. Its only purpose, therefore, was to get before the jury a statement, in the guise of a question, that would prejudice them against appellant. If counsel had no reason to believe the truth of the matter insinuated by the question, then the artifice was most flagrant; but if he had any reason to believe in its truth, still he knew that it was a matter which the jury had no right to consider. The prosecuting attorney may well be assumed to be a man of fair standing before the jury, and they may well have thought that he would not have

asked the question unless he could have proved what it intimated if he had been allowed to do so. He said plainly to the jury what Hamlet did not want his friends to say: 'As, "well we know"; or, "we could, an if we would"; or, "if we list to speak"; or, "there be, an if there might."' This was an entirely unfair way to try the case; and the mischief was not averted because the court properly sustained the objection—though we think it should have warned counsel against the course which he was taking—and instructed the jury specially on the subject. The wrong and the harm was in the asking of the question. Of course, in trials of criminal cases questions as to the admissibility of evidence will frequently arise about which lawyers and judges may fairly differ in opinion; and in such cases defendants must be satisfied when courts sustain their objections. But where the prosecuting attorney asks a defendant questions which he knows, and every judge and lawyer knows, to be wholly inadmissible and wrong, and where the questions are asked without the expectation of answers, and where the clear purpose is to prejudice the jury against the defendant in a vital matter by the mere asking of the questions, then a judgment against the defendant will be reversed, although objections to the questions were sustained, unless it appears that the questions could not have influenced the verdict."

Other cases supporting this view are Leahy v. State, 31 Neb. 566, 48 NW. 390; Holder v. State, 58 Ark. 473, 25 SW. 279; State v. Trott, 36 Mo. App. 29; People v. Cahoon, 88 Mich. 456, 50 NW. 384. Many other cases might be cited to the same effect.

4. The trial court gave the following instruction:

"If a person kill another in self-defense, it must appear that the danger was so urgent and pressing that, in order to save his own life, or to prevent his receiving great bodily harm, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given."

It is contended that the court committed error in giving this instruction. Since the judgment and order appealed from must be reversed for the reasons given, it is not necessary that we consider the correctness of this instruction, but in view of another trial we believe it advisable that we do so.

5. The attorney for the defendant objected to this instruction in the trial court upon the ground that it is applicable only in a case wherein the crime of murder is charged, and not in a case wherein an assault with intent to kill is charged. It is error to give an instruction which is not applicable to the crime alleged in the information. 16 C. J. 1041.

However, we do not say that the giving of this instruction constituted reversible error. It is not necessary to determine that question, in view of the situation. We think the court could have given an instruction relative to the plea of self-defense which would have been applicable to the case charged and proven, and which would have been free from error. Upon a retrial of the case that will be done, no doubt.

6. Counsel also complains of the giving of instruction I, which reads,

"It shall be unlawful for any person in this state, except peace officers, or persons while employed upon or traveling upon trains, stages, or other public conveyances, to wear, carry or have concealed upon his person, in any town, city or village, any dirk-knife, pistol, sword in case, slung-shot, sandclub, metal knuckles, or other dangerous weapon, without first obtaining permission from the board of county commissioners, attested by its clerk, of the county in which such concealed weapon shall be carried."

The defendant was not on trial upon a charge of carrying a concealed weapon, and the instruction should not have been given.

It is ordered that the judgment and order appealed from be reversed, and that a new trial be granted.

SANDERS, C. J.: I concur.

DUCKER, J., dissenting:

Certainly it would be misconduct on the part of a district attorney to willfully misstate evidence to the jury, and particularly so to tell the jury that a defendant had made statements to him unless such statements were actually in evidence in the case. But I do not understand this to be the case here. "As he told me to-day in talking to me, he gloried in the fact that he would use a gun," was not a very happy way of telling the jury that the appellant testified to that on cross-examination, or to anything else from which such an inference could be legitimately drawn in argument. But the trial court understood the district attorney to be stating his conclusion from the testimony given by the appellant. When counsel for the appellant objected to the district attorney's remarks the court said: "That is his conclusion from what the testimony was. The jury are to determine what the facts are." As the trial court understood the district attorney in that way and expressed his belief before the jury, telling them that they were judges of the facts, it is not likely that the jury thought that the district attorney meant that the appellant had made those statements to him off the stand.

A reading of the appellant's testimony, however, reveals that he did not say "he gloried in the fact that he would use a gun," nor does it reveal anything which can be said to fairly bear that inference. What his demeanor on the stand may have indicated in this respect, as the district attorney contends, I, of course, cannot say, but the point is as to what he said or what might be fairly deduced from what he said. I am not prepared to say, however, that the district attorney did not honestly err in his argument. I do not believe that any prejudice could have been caused in the minds of the jury by it. The jury heard the appellant's testimony on cross-examination, and the court promptly told them that the district attorney's remarks were his own conclusions and that they were to determine the facts. Moreover, the court instructed the jury in writing that it was

their duty to determine what the facts in the case were from the evidence, and not from the statements of the judge, nor from the statements of any attorney during the progress of the trial, or in his argument. Under these circumstances, the probability of any prejudice having been caused in the minds of the jury against the appellant by the remarks of the district attorney is very remote.

During the cross-examination of the appellant the district attorney asked him the following question: "Did you ever use a gun before?"

Counsel for appellant objected to the question and requested the court to admonish the district attorney not to ask the appellant such questions. The objection was sustained. It is insisted that the question was highly prejudicial to the appellant, and asked for the purpose of influencing the jury against him. The district attorney contends, in view of the crime charged in which an intent to kill is an essential element, and the testimony of the appellant as to the several guns he had on the premises, and how they were disposed about the premises, and his testimony to the effect that he did not intend to kill the complaining witness, the question was a proper one as calculated to elicit testimony bearing upon his intent, and should have been answered. Be that as it may, the question was apparently asked in good faith by the district attorney. The question was not asked in an assertive form. It did not assume that the appellant had used a gun on a man before, and when the objection was sustained, the district attorney desisted from asking any questions of a similar character. Furthermore, the court in its written instructions told the jury to disregard all evidence offered that had been excluded, all evidence that had been stricken out, and all questions to which objections had been sustained. It is therefore difficult to perceive how the jury could have been influenced in any way by it.

Appellant objects to the following instruction given by the court:

"If a person kill another in self-defense, it must

appear that the danger was so urgent and pressing that, in order to save his own life, or prevent his receiving great bodily harm, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given."

The instruction is in the exact language of section 6402 of the Revised Laws relating to self-defense in homicide cases. As the appellant testified that he fired the shot which wounded the complaining witness in self-defense, the instruction was properly given. Certainly a court may give to a jury an instruction in the precise language of a statute applicable to the case on trial. If counsel for appellant thought as he now contends, that the statute is misleading and the instruction consequently so in not informing the jury that the appearance of danger to the defendant as a reasonable man must have been urgent and pressing, he should have drawn and requested an instruction remedying the defect claimed. State v. Switzer, 38 Nev. 110, 145 P. 925. He did not adopt this course. On the contrary, it appears from the record that he objected to the giving of an instruction embodying the very matters in which he claims the instruction was deficient, and as a consequence of such objection the proposed instruction was withdrawn. However, on application of appellant's counsel the court gave several other instructions on the law of self-defense, and, considering all of these instructions together the jury was fairly instructed as to the law on this phase of the case.

It is said in the prevailing opinion that the attorney for the appellant objected to this instruction in the trial court upon the ground that it is applicable only in a case wherein the crime of murder is charged, and not in a case wherein an assault with intent to kill is charged. It is true he made such objection, but he does not urge it here. No mention of this ground is made in his brief. This change of ground is doubtless due to the fact that the court at the request of counsel for appellant gave

several other instructions on the law of self-defense in homicide cases. The giving of such instructions was proper, for, as stated by the trial court when settling instructions, the law of self-defense in a case of an assault with intent to kill is the same as in a homicide case.

It is insisted by counsel for appellant that the court committed prejudicial error in giving the following instruction:

"It shall be unlawful for any person in this state, except police officers or persons while employed upon or traveling upon trains, stages or other public conveyances, to wear, carry or have concealed upon his person, in any town, city or village, any dirk-knife, pistol, sword in case, slung-shot, and sand-club, metal knuckles, or other dangerous weapon, without first obtaining permission from the board of county commissioners, attested by its clerk, of the county in which such concealed weapon shall be carried."

The instruction is in the exact language of section 6568 defining the unlawful carrying of concealed weapons. It is insisted that the instruction was erroneously given for the reason that, as appellant was not charged with the offense of unlawfully carrying concealed weapons, or with any crime within which such an offense was necessarily included, it was not applicable to the issues raised by the information and appellant's plea of not guilty. It is also contended that the instruction is erroneous in that it assumes that the appellant was guilty of unlawfully carrying a concealed weapon. There is no such assumption. The instruction merely defines the offense. It is true that appellant was not charged with such an offense, and it must be conceded that such an offense is not necessarily included in the crime of assault with intent to kill, but it does not necessarily follow that the instruction was not applicable to evidence bearing upon appellant's guilt of the crime charged. If there was evidence in the case tending to prove that appellant was unlawfully carrying a concealed weapon at the time of the commission of the

offense for which he was tried, and such unlawful carrying had any tendency to prove his guilt of the offense charged, the instruction would have been applicable and properly given. The mere fact that evidence proves or tends to prove a defendant guilty of another offense is not for that reason alone objectionable. The test is, has it any bearing upon the guilt of the defendant as to the crime charged? State v. Roberts, 28 Nev. 350, 375, 82 P. 100.

The shooting was done with a pistol. The appellant left the hotel shortly before the shooting, went to his house a short distance away, obtained a gun, and returned to the hotel. There is testimony given by the appellant from which the jury could have concluded that the pistol was concealed on his person just prior to the shooting. How, however, it became proper for the jury to know, as a circumstance tending to show guilt of the crime charged that such concealment was unlawful, is not discernible.

The intent to kill under the evidence would be no more inferable from the concealment of the weapon than if appellant had returned to the hotel with the weapon in his hand. If anything, the latter would have more probative force as tending to show preparedness for an immediate assault, while the former would be more consonant with a desire to be prepared to resist an assault. The mere fact that appellant was carrying a concealed weapon, if it was a fact, and was not authorized by law to do so, under the circumstances, adds nothing of evidential value to his possession of the same, and the instruction was therefore inapplicable. But I do not think, in view of all the evidence and the verdict of the jury finding the appellant guilty of a lesser offense than the one charged in the information, that the giving of the instruction was prejudicial error.

No judgment shall be set aside, or a new trial granted, in any case on the ground of misdirection of the jury, unless in the opinion of the court to which application is made, after an examination of the entire case, it shall appear that the error complained of has resulted in a

miscarriage of justice, or has actually prejudiced the defendant in respect to a substantial right. Section 7469, Rev. Laws; State v. Willberg, 45 Nev. 183, 200 P. 475.

I have examined the evidence in its entirety and am satisfied that it is ample to sustain the verdict of the jury. The only evidence tending in any way to show that the weapon was concealed was furnished by the appellant, and that is slight, even if the jury had believed the statement. He said:

"I get little gun right away. Gun fall on floor. When he going on top of me and going beat me over head I reach and get gun. I got overalls. I no got pants, so gun fall. So when he beat me over head I take gun and put it about his leg."

It does not necessarily follow from his testimony, even if believed, that the gun was concealed. The state's witness, Hill, who saw appellant on his return to the hotel and at the door immediately before the encounter, testified that he had the gun in his hand. As it is apparent from the verdict that the jury disbelieved appellant's version of the affair in reference to his claim of self-defense, it is highly probable that neither his testimony about how he had the gun on his person, or the instruction concerning it, affected their verdict.