399 A.2d 116
**COMMONWEALTH of Pennsylvania**
v.
**Freda KUEBLER, Appellant.**
Supreme Court of Pennsylvania.
Argued Jan. 16, 1979.
Decided March 16, 1979.

Edward S. Lawhorne, Sarah Lawhorne, Media, for appellant.

Frank T. Hazel, Dist. Atty., Sandra L. Gross, Asst. Dist. Atty., Media, for appellee.

Before ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Freda Kuebler was arrested and charged with murder, voluntary manslaughter, involuntary manslaughter, aggravated assault, and recklessly endangering another, for her alleged involvement in the beating death of Edward Fitzgerald. At trial, appellant took the stand and denied the charges. At closing argument, the prosecuting attorney argued that appellant inflicted the fatal blows, summarized appellant's testimony, and then remarked:

> "I submit to you, members of the Jury, that Freda is not right, and everything that she said from that stand, and in every major respect concerning this case was a big lie."

Immediately after the prosecuting attorney completed his argument, appellant moved for a mistrial. The Court of Common Pleas of Delaware County denied appellant's motion, and the jury found appellant guilty of murder of the

third degree, aggravated assault and recklessly endangering another. Again, on appellant's motion for a new trial, the court of common pleas rejected her contention that the prosecuting attorney's remark was prejudicial, denied the motion, and imposed sentence.

■ On appeal, appellant renews her claim that the prosecuting attorney's remark was improper and prejudicial. We agree, reverse judgment of sentence, and remand for a new trial.*

I

On the evening of Fitzgerald's death, police received a call and went to the apartment where Fitzgerald and appellant lived. An officer found Fitzgerald intoxicated, on the floor of his apartment, near the door. The officer observed that, although Fitzgerald was intoxicated, there was no evidence of physical trauma and Fitzgerald was conscious. The officer assisted Fitzgerald to a couch in the living room.

Based upon statements neighbors gave police before they entered the apartment, an officer placed appellant under arrest for disorderly conduct. The police took appellant to

---

* Appellant also seeks a new trial on the grounds that the trial court incorrectly charged the jury on the penalties for murder of the first and third degrees, erroneously permitted the Commonwealth to introduce remote and speculative testimony, and improperly summarized key Commonwealth evidence. In view of our disposition, we need not address these claims.

Appellant further contends that the trial court erred in denying her motion in arrest of judgment. Appellant argues that the trial court erroneously granted the Commonwealth a continuance to permit its medical expert, not subpoenaed, to return from an out-of-state seminar and testify at appellant's trial. Appellant contends that, without this testimony, the Commonwealth failed to establish the cause of Fitzgerald's death. "In passing upon [a motion in arrest of judgment], the sufficiency of the evidence must be evaluated upon the *entire trial record.* . . . [A]ll evidence actually received must be considered, whether the trial rulings thereon were right or wrong." *Commonwealth v. Tabb,* 417 Pa. 13, 16, 207 A.2d 884, 886 (1965) (statement of accused admitted at trial but later ruled inadmissible still part of record for purposes of testing sufficiency of evidence). Appellant's argument in support of arrest of judgment, which would require this Court to "diminish the record" and view the Commonwealth's evidence without the medical testimony, must be rejected.

the police station and, about forty-five minutes later, brought her home. An officer accompanying appellant to her apartment observed Fitzgerald lying on the floor, about seven feet from the couch. According to the officer's testimony, Fitzgerald was in approximately the same condition as before, except that his eyes were shut and he was moaning. Later that evening, police were again called to the apartment. They found Fitzgerald dead. He was in a sitting position, on the floor, in the hallway of his apartment. A medical examination determined Fitzgerald died of multiple injuries to the trunk of his body.

One Commonwealth witness, a neighbor, testified that when Fitzgerald attempted to enter his apartment earlier the same evening, appellant slapped him in the face. An investigating officer testified that appellant told him she tried to clean and sober up Fitzgerald. (Fitzgerald had defecated on himself.) According to the officer, appellant claimed that Fitzgerald fell while in the bathroom, hit his head on a radiator, fell again, and hit his head on a bathtub. She tried to assist Fitzgerald to his bedroom. Fitzgerald again hit his head on the wall and fell to the floor. About one-half hour later, Fitzgerald began to froth at the mouth, and appellant shortly thereafter called a neighbor for help. According to the investigating officer, appellant, on further questioning, admitted to slapping Fitzgerald out of anger for his defacating. Appellant's statements were not transcribed.

Appellant concurred in the investigating officer's account that Fitzgerald hit his head in her presence, added that Fitzgerald fell several times, and claimed she attempted merely to clean and otherwise help him. Appellant denied the allegations that she struck Fitzgerald.

## II

At the outset, we must disagree with the Commonwealth's claim that, by not entering an immediate objection to the challenged remark and instead waiting until the conclusion of the prosecuting attorney's argument, appellant

waived her claim. The prosecuting attorney's closing argument was transcribed, and there is no dispute concerning the content of the challenged remark. On similar facts, this Court in *Commonwealth v. Adkins,* 468 Pa. 465, 472, 364 A.2d 287, 291 (1976), observed:

"Where the argument is not recorded, there is a need to require an objection during the argument so that the remarks may be placed in the record at or about the time they are made and thereby ensure accuracy. Otherwise, the recollection of both counsel and the court at the conclusion of the argument may differ and thereby result in unnecessary factual disputes.

Instantly, the entire argument was recorded and its content was available to both counsel and the court at the conclusion of the argument. Under such circumstances, no dispute as to what was in fact said during the argument can arise and therefore no necessity exists to require objection prior to the conclusion of the argument. Thus, the rule requiring objection during the argument is inapplicable here."

See also *Commonwealth v. Cherry,* 474 Pa. 295, 300 n. 3, 378 A.2d 800, 803 n. 3 (1977) (objection to transcribed closing argument timely where closing argument ended one day of trial and objection came at beginning of next). In light of *Adkins* and *Cherry* we turn to the merits.

The decision to believe the Commonwealth's version, or appellant's, was one exclusively for the jury. "It is a basic tenet of our system of jurisprudence that issues of credibility are properly left to the trier of fact for resolution." *Commonwealth v. Whack,* 482 Pa. 137, 140, 393 A.2d 417, 419 (1978). Our cases leave no doubt that prosecuting attorneys of this Commonwealth may not inject "highly prejudicial personal opinion of [an] appellant's credibility into evidence, thereby clearly and improperly intruding upon the jury's exclusive function of evaluating the credibility of witnesses." *Commonwealth v. Potter,* 445 Pa. 284, 287, 285 A.2d 492, 493 (1971). "Prosecutorial misconduct in argument is a matter of special concern because of the possibility

that the jury will give special weight to the prosecutor's arguments." American Bar Association Standards Relating to the Prosecution Function, § 5.8 Commentary (Approved Draft, 1971).

Section 5.8(b) of the ABA Standards provides:

"It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant."

This Court has held it reversible error where the prosecuting attorney on cross-examination characterizes a defendant's testimony a "malicious lie." *Commonwealth v. Potter,* supra. A prosecutor's remark that " 'apparently counsel does not believe his own defendant'," too, has been held prejudicial. *Commonwealth v. Joyner,* 469 Pa. 333, 339–40, 365 A.2d 1233, 1236 (1976). Here, the prosecuting attorney sought to intrude upon the jury's exclusive province of judging credibility by branding "everything that [appellant] said from that stand, and in every major respect concerning this case" a "big lie." Such misconduct violates the ABA Standards, attacks the credibility of "everything" appellant stated on the witness stand, and unequivocally communicates the prosecuting attorney's personal view of appellant's testimony. "If the state has a strong case it is not necessary, and if it has a close case, such misconduct is gross injustice to the defendant." *State v. Cyty,* 50 Nev. 256, 259, 256 P. 793, 794 (1927), quoted in ABA Standards § 5.8 Commentary. Appellant's credibility was crucial to her effort to refute the Commonwealth's circumstantial evidence, and the prosecuting attorney's characterization of all of appellant's testimony as a "big lie" was highly prejudicial and requires a new trial.

Judgment of sentence reversed and new trial granted.

EAGEN, C. J., and O'BRIEN, J., did not participate in the consideration or decision of this case.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent; the remark was not prejudicial when viewed in the context of both summations.