405 A.2d 943

**COMMONWEALTH of Pennsylvania**

v.

**Ebben BULLOCK, Appellant.**

Superior Court of Pennsylvania.

Submitted May 8, 1979.

Decided June 5, 1979.

Hugh C. Clark, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

■ Appellant contends *inter alia*[1] that his trial counsel

---

\* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

1. Appellant also contends that his inculpatory statements and a knife seized pursuant to a search warrant should not have been admitted because they resulted from unnecessary delay, *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). We conclude that these issues are without merit. Approximately 5½ hours elapsed between appellant's arrest and his first incriminating statement, 2½ hours of which was taken up in transportation, and 1¼ hours in questioning. From the record we cannot conclude that the delay in appellant's arraignment contributed to either appellant's confession or the seizure of the murder weapon. *See Commonwealth v. Williams*, 476 Pa. 344, 382 A.2d 1202 (1978); *Commonwealth v. Young*, 460 Pa. 598, 334 A.2d 252 (1975).

was ineffective[2] for not objecting or moving for mistrial on the basis of the prosecutor's comments during closing argument concerning appellant's credibility. We agree and, accordingly, reverse and remand for new trial.

Appellant was convicted by a jury of third degree murder in the stabbing death of Robert Berk. Appellant testified that the stab wound was accidental and that his inculpatory statement was inaccurate and was beaten out of him by police. At closing argument, the prosecuting attorney reviewed the inconsistencies in appellant's testimony regarding mistreatment by the police and, in so doing, twice stated his personal opinion as to appellant's veracity as follows:

"There was nothing there, ladies and gentlemen, because the defendant was not actually telling you the truth yesterday.

. . . . .

"You see, he was caught in an untruth."

We have said many times that such remarks are improper and constitute reversible error. *See Commonwealth v. Kuebler,* 484 Pa. 358, 399 A.2d 116 (1979); *Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Potter,* 445 Pa. 284, 285 A.2d 492 (1971); ABA Standards Relating to the Prosecution Function § 5.8(b). In the instant case, because trial counsel's ineffectiveness in failing to object or move for mistrial on the basis of such remarks is apparent from the record, we need not remand for an evidentiary hearing to determine whether he had some reasonable basis for his failure. *Commonwealth v. Valle,* 240 Pa.Super. 411, 414, 362 A.2d 1021, 1023 (1976).

Judgment of sentence reversed and case remanded for new trial.

2. This issue is properly before us because appellant is represented by new counsel on this direct appeal. *See Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).