418 A.2d 452

**COMMONWEALTH of Pennsylvania,**

v.

**Richard GROSSO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed Jan. 18, 1980.

Mel D. Kardos, Assistant Public Defender, Doylestown, for appellant.

John J. Kevlock, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before PRICE, WIEAND and VAN der VOORT, JJ.*

PRICE, Judge:

Following a trial by jury, appellant was convicted on November 18, 1977, of rape,[1] robbery,[2] theft,[3] felonious re-

* Judge DONALD E. WIEAND is sitting by special designation.

1.  18 Pa.C.S. § 3121.

2.  18 Pa.C.S. § 3701.

3.  18 Pa.C.S. § 3921.

straint,[4] simple assault,[5] indecent assault,[6] and terroristic threats.[7] Post-trial motions were denied by the Bucks County Court of Common Pleas en banc, and he was sentenced to a term of imprisonment of from five to ten years and ordered to pay the costs of prosecution. Appellant now argues that several reversible errors were committed during his trial. As we agree that the prosecuting attorney improperly conveyed to the jury his personal opinion of appellant's veracity, we will vacate the judgment of sentence and remand for a new trial.[8]

Viewing the testimony in the light most favorable to the Commonwealth as verdict winner, the following is a brief summary of the facts adduced at trial. On July 24, 1977, Ms. Theresa Dreamer was working as a waitress at the Seafood Shanty Restaurant in Daylestown Township. At approximately 2:00 a. m., she finished her shift and left the restaurant. As she was driving south on Route 611, she was forced to stop her automobile behind another car at an intersection. While the car was motionless, appellant opened the passenger side door and entered brandishing a knife. He told Ms. Dreamer that he just wanted a ride to "the lower end," and that she would not be harmed if she complied. Ms. Dreamer retorted that she was not familiar with the destination, and appellant gave her new directions. During the course of the ensuing ride, appellant engaged Ms. Dreamer in conversation, and, among other things, informed her that he had previously served time for armed robbery. Finally, she was instructed to pull into a long, tree-lined driveway which appellant claimed to belong to his sister. The car was stopped and the ignition turned off. Appellant then ordered Ms. Dreamer to crawl into the

**4.** 18 Pa.C.S. § 2902.

**5.** 18 Pa.C.S. § 2701.

**6.** 18 Pa.C.S. § 3126.

**7.** 18 Pa.C.S. § 2706.

**8.** Because of our conclusion on this issue, we need not address the six other instances of alleged error advanced by appellant.

backseat and remove her clothing. She demurred, but appellant's gestures with the knife eventually forced her to do as ordered. He followed her into the rear seat, removed his clothes, and there raped her. Following the act, both appellant and his victim dressed, and the former took control of the car. After some further travel, appellant took ten dollars from Ms. Dreamer's purse and exited the car. She subsequently reported the incident to the police, and appellant was later apprehended.

The sole point we need address is the propriety of the prosecuting attorney's language in his closing address to the jury. During that address, the assistant district attorney commented: "The motive that Mr. Kardos [counsel for appellant] offers to you is sheer fantasy, the same as this three and a quarter page statement of Mr. Grosso [appellant]." (N.T. 318A).[9] Counsel for appellant interjected an immediate objection which was overruled by the trial judge. This was erroneous.

We have often recognized that the prosecuting attorney occupies a peculiarly sensitive position in our system of advocacy; as an officer of the court, he is seeking justice, while as an agent of the state, he is attempting to assure effective law enforcement. *E. g., Commonwealth v. Guess*, 266 Pa.Super. 359, 404 A.2d 1330 (1979). As this court noted in *Guess* :

> "In recognizing this singular station, the courts have carefully circumscribed the permissible range of his closing argument. It has been stated that the prosecutor has an obligation to:
>
> > ' ".   .   . present the facts so that the jury can dispassionately and objectively evaluate the testimony in a sober and reflective frame of mind that will produce

---

**9.** Appellant had testified that Ms. Dreamer picked him up while hitchhiking. He alleged that she initiated a conversation in which she confided that her boyfriend was not sexually satisfying. She then, according to appellant, pulled into a driveway, suggested they have sexual relations, and removed her clothes in the rear seat of the car. He contended that the act was totally voluntary on her part, and that she was never threatened with a knife.

judgment warranted by the evidence and not inspired by emotion or passion." ' *Commonwealth v. Gilman*, 470 Pa. 179, 188, 368 A.2d 253, 257 (1977), *quoting Commonwealth v. Harvell*, 458 Pa. 406, 411, 327 A.2d 27, 30 (1974)."

*Commonwealth v. Guess, supra*, 266 Pa.Super. at 367, 404 A.2d at 1333.

■ More particularly, it has been held highly improper for a prosecuting attorney to convey to the jury his personal opinion of a defendant's credibility. *Commonwealth v. Kuebler*, 484 Pa. 358, 399 A.2d 116 (1979); *Commonwealth v. Pfaff*, 477 Pa. 461, 384 A.2d 1179 (1978); *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977). Section 5.8(b) of the A.B.A. Standards Relating to the Prosecution Function counsels:

"It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant."

Such a conclusion flows naturally from the basic tenet of our jurisprudence that issues of fact are properly left to the trier of fact for resolution. *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417 (1978). Consequently, the courts of this Commonwealth have held a variety of such references to constitute reversible error. *E. g., Commonwealth v. Kuebler, supra* 484 Pa. at 364, 399 A.2d at 119 (prosecuting attorney told jury that "everything [defendant] said from that stand, and in every major respect concerning this case was a big lie"); *Commonwealth v. Joyner*, 469 Pa. 333, 339–40, 365 A.2d 1233, 1236 (1976) (prosecutor remarked that "apparently counsel does not believe his own defendant"); *Commonwealth v. Potter*, 445 Pa. 284, 287, 285 A.2d 492, 493 (1971) (prosecuting attorney labeled defendant's testimony on cross-examination a "malicious lie"); *Commonwealth v. Pfaff, supra*, 477 Pa. at 468, 384 A.2d at 1183 (prosecutor accused defendant of telling a "pack of lies").

The instant reference to appellant's statement as "sheer fantasy" is no less improper and prejudicial. It communi-

cates positively the prosecuting attorney's personal view of appellant's testimony. In a case in which credibility is crucial, such a remark justifies the grant of a new trial. As our supreme court has recently noted: " 'If the state has a strong case it is not necessary, and if it has a close case, such misconduct is gross injustice to the defendant.' [citation omitted]." *Commonwealth v. Kuebler, supra,* 484 Pa. at 364, 399 A.2d at 119.

The judgment of sentence is therefore vacated and the case is remanded for a new trial.

VAN der VOORT, J., dissents.