418 A.2d 767

**COMMONWEALTH of Pennsylvania**

v.

**Curtis Lee AYE, a/k/a George Aye, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 27, 1979.

Filed March 14, 1980.

Richard P. Abraham, Philadelphia, for appellant.

Paul Diamond, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

PER CURIAM:

Curtis Lee Aye was found guilty by a jury of murder of the third degree and a weapons offense. After post–trial motions were refused and sentence pronounced, appeals were taken. The issues raised relate to alleged prosecutorial misconduct and failure to supply appellant with statements relating to a lie detector test administered to a Commonwealth witness.

In relation to prosecutorial misconduct, it is alleged that on numerous occasions in his final argument the district attorney exceeded the limits of proper advocacy by inferring that appellant gave untruthful testimony and by making other inflammatory statements to the jury. Such contention is proper for consideration on appeal in certain circumstances. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978). The Commonwealth admits statements were made but contends that they did not exceed limitations on advocacy. Furthermore, it is contended, in the alternative, that the objection has not been preserved for our consideration. Admittedly, it was not included in the original post verdict motion. Supplemental reasons were set forth alleging in general terms improper advocacy by the district attorney and ineffectiveness of trial counsel (same as appellate counsel) for failing to object to these remarks.

Certain of the remarks in the Commonwealth's final argument, in our opinion, indicate that the district attorney referred to defendant as being untruthful. This was improper. *Commonwealth v. Kuebler*, 484 Pa. 358, 399 A.2d 116; *Commonwealth v. Joyner*, 469 Pa. 333, 365 A.2d 1233 (1976). The issue is raised by alleging that trial counsel was ineffective for not objecting to the remarks. By so doing he attacks his effectiveness as trial counsel. The Commonwealth contends the failure to object and the present contention of trial ineffectiveness is a tactic to allow appellant a second opportunity to present his case to a jury. This case parallels the problem presented in *Commonwealth v. Hubbard No. 1*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Hubbard No. 2*, 485 Pa. 353, 402 A.2d 999 (1979). In *No. 1*,

the Supreme Court remanded for purpose of an evidentiary hearing on alleged ineffectiveness of counsel. In *No. 2*, the conclusion of the lower court finding a reasonable trial strategy for the actions taken by trial counsel was affirmed.

■ The trial judge concluded that counsel was not ineffective, finding that the argument of the Commonwealth was not improper and stating any objection at trial would have been overruled. While we rule that the remarks of counsel were improper the present record permits no conclusion on the issue of effectiveness absent a record established by an evidentiary hearing at which appellant is represented by new counsel. *Commonwealth v. Fox*, supra; *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

■ Appellant contends the trial judge erred in refusing to support his request for polygraph testing data relating to a Commonwealth witness who first stated appellant was not involved in the crime. He agreed to take a polygraph test which indicated that he was untruthful. He then gave a second statement implicating appellant. Copies of the two statements were supplied to defense counsel but the testing data was not supplied. The ruling was correct. The Commonwealth was not required to supply the testing data. *Commonwealth v. Gee*, 467 Pa. 123, 354 A.2d 875 (1976).

As we have indicated the record must be remanded for an evidentiary hearing on the issue of alleged ineffectiveness of counsel for failing to object to improper remarks of Commonwealth counsel in final argument. New counsel must be appointed to represent appellant. In the event that the trial court rules that appellant was not denied effective trial counsel, a new appeal may be filed.

Record remanded for proceeding in accordance with our opinion.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

I dissent. It is apparent on the record before us that counsel was ineffective for failing to object to the prosecu-

tor's expressions of personal belief in appellant's guilt and inflammatory statements unrelated to the issue of appellant's guilt or innocence. These statements clearly were so prejudicial as to have deprived appellant of a fair trial. *See, e. g., Commonwealth v. Evans,* 479 Pa. 100, 387 A.2d 854 (1978), and cases cited therein. I can conceive of no reasonable basis designed to effectuate appellant's interests, *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967), justifying counsel's failure to object to these improper statements. Accordingly, there is no need to remand this case for an inquiry into counsel's reasons for not objecting. *Commonwealth v. Bullock,* 266 Pa.Super. 526, 405 A.2d 943 (1979). Moreover, because reversible error is apparent on the record before us, we may properly entertain appellant's claim of ineffective assistance, notwithstanding that appellant is here represented by counsel whose effectiveness at trial is in question. *Commonwealth v. Fox,* 476 Pa. 475, 479, 383 A.2d 199, 201 (1978). I would reverse the judgments of sentence and grant appellant a new trial because of counsel's ineffectiveness. Accordingly, I dissent.