**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON BUCHANAN | : | |
| | : | |
| Appellant | : | No. 1105 MDA 2022 |

Appeal from the PCRA Order Entered July 18, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000751-2018

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.: **FILED: MAY 1, 2023**

Jason Buchanan appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), **see** 42 Pa.C.S.A. §§ 9541-9546. In this appeal, Buchanan alleges four errors by trial counsel, which he believes constituted ineffective assistance. We conclude Buchanan's claims do not entitle him to relief and affirm the PCRA court's order.

In 2017, Buchanan's minor stepdaughter ("Complainant") reported that Buchanan repeatedly sexually abused her when she was between the ages of 8 and 15. A jury convicted Buchanan of rape of a child, statutory sexual assault – child under 16 years of age and defendant 11 or more years older, sexual assault, aggravated indecent assault of a child, aggravated indecent assault – child less than 16 years of age and defendant 4 or more years older, indecent assault – child less than 13 years of age, indecent assault – child less than 16

years of age and defendant 4 or more years older, unlawful contact with a minor, and corruption of minors.[1] The trial court imposed an aggregate sentence of 336 to 672 months in prison, which included a 60- to 120-month sentence for Buchanan's conviction of aggravated indecent assault – child less than 16 years of age and defendant 4 or more years older. After granting Buchanan partial post-trial relief, the trial court amended that aggravated indecent assault sentence to 36 to 72 months in prison. This Court affirmed Buchanan's judgment of sentence. ***See Commonwealth v. Buchanan***, 251 A.3d 1229, 858 MDA 2020 (Pa. Super. Mar. 12, 2021) (unpublished memorandum).

On December 1, 2021, Buchanan filed the instant, timely PCRA petition alleging ineffective assistance of counsel. The PCRA court held a hearing at which trial counsel testified. On July 18, 2022, the PCRA court denied Buchanan's PCRA petition. This timely appeal followed.

Buchanan now raises the following issues for our review:

1. Whether trial counsel was ineffective for failing to object to statements made by the prosecutor during closing argument that the defense presented lies to the jury and opined that she personally believed [Complainant] was telling the truth and the defense was lying[,] since those statements constitute prosecutorial misconduct under binding Pennsylvania Supreme Court precedent?

2. Whether trial counsel was ineffective for failing to object to multiple compound and argumentative questions from the

---

[1] ***See*** 18 Pa.C.S.A. §§ 3121(c), 3122.1(b), 3124.1, 3125(a)(8) and (b), 3126(a)(7) and (a)(8), 6318(a)(1), 6301(a)(1)(ii).

prosecutor during the cross-examination of [Complainant's mother] and for failing to object to the prosecutor repeatedly cutting off the witness without providing a full and fair opportunity to answer?

3. Whether trial counsel was ineffective for failing to make a motion to strike Roberta Fratzola's expert opinion that children never lie about sexual abuse from the record since this opinion was not responsive to any question asked and was tantamount to expert testimony that [Complainant] was telling the truth?

4. Whether trial counsel was ineffective for withdrawing his motion to pierce the Rape Shield Law when an expert for the Commonwealth testified that [Complainant] had sexual intercourse and the only evidence admitted at trial that [Complainant] had sexual intercourse was [Complainant's] testimony that she was sexually assaulted by [] Buchanan?

Appellant's Brief at 4-5 (issues renumbered; some capitalization omitted).

Our standard of review regarding a PCRA court's order "is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citation omitted).

Counsel is presumed to be effective, and the burden is on Buchanan to prove otherwise. **See Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013). To succeed on an ineffectiveness claim, Buchanan must demonstrate by a preponderance of the evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's

action or inaction." **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). A failure to satisfy any prong of the ineffectiveness test will require rejection of the claim. **See Commonwealth v. Montalvo**, 244 A.3d 359, 368 (Pa. 2021).

First, Buchanan argues trial counsel was ineffective for failing to object to certain statements made by the prosecutor during closing arguments. **See** Appellant's Brief at 20. According to Buchanan, the prosecutor provided her personal opinions "that the defense explanations made no sense, [] that she personally looked at the physical evidence and believe[d] the [Complainant], and [] that she personally knew the jury would return a verdict of guilty because the [Complainant] told the truth." **Id.** at 22.[2]

To succeed on an ineffectiveness claim based on trial counsel's failure to object to alleged prosecutorial misconduct, a petitioner must establish that the prosecutor's conduct resulted in the denial of petitioner's constitutional or statutory rights or otherwise denied the petitioner due process. **See**

_____

[2] In support of his position, Buchanan cites our Supreme Court's decision in **Commonwealth v. Kuebler**, 399 A.2d 116 (Pa. 1979), which involved statements made by the prosecuting attorney during a murder trial. The prosecuting attorney summarized the appellant's testimony during closing arguments and stated, "I submit to you, members of the Jury, that [the appellant] is not right, and everything that she said from that stand, and in every major respect concerning this case was a big lie." **Kuebler**, 399 A.2d at 117. Our Supreme Court reversed the appellant's judgment of sentence and remanded for a new trial because the prosecutor "sought to intrude upon the jury's exclusive province of judging credibility[.]" **Id.** at 119. The Court further concluded that the statement "unequivocally communicate[d]" the prosecutor's personal credibility assessment. **Id.**

*Commonwealth v. Koehler*, 36 A.3d 121, 144 (Pa. 2012) (citation omitted).

"It is well-established that comments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in the jurors' minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." *Commonwealth v. Arrington*, 86 A.3d 831, 853 (Pa. 2014) (citation, internal quotation marks, and brackets omitted).

Moreover,

[a] prosecutor must have reasonable latitude in fairly presenting a case to the jury and must be free to present his or her arguments with logical force and vigor. The prosecutor is also permitted to respond to defense arguments. Finally, in order to evaluate whether the comments were improper, we do not look at the comments in a vacuum; rather we must look at them in the context in which they were made.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1024 (Pa. Super. 2014) (citation omitted); *see also Commonwealth v. Reid*, 259 A.3d 395, 429 (Pa. 2021) ("Even an otherwise improper comment may be appropriate if it is in fair response to defense counsel's remarks." (citation omitted)). Regarding closing arguments, "a prosecutor may comment on the evidence and any reasonable inferences arising from the evidence." *Arrington*, 86 A.3d at 853 (citation omitted).

Recently, in *Reid*, our Supreme Court identified the following test:

[A] prosecutor commits misconduct by improperly bolstering the credibility of a Commonwealth witness when the following two factors are met: (1) the prosecutor must assure the jury the testimony of the government witness is credible, and (2) this

assurance must be based on either the prosecutor's personal knowledge or other information not contained in the record.

*Reid*, 259 A.3d at 429 (citation and internal quotation marks omitted). Applying this test, the *Reid* Court held that a prosecutor's statement that certain Commonwealth witnesses "told the truth" did not rise to the level of prosecutorial misconduct. *See id.* at 430. Although the statement could be interpreted as an assurance that the witnesses' testimony was credible, there was no suggestion that the assurances reflected the prosecutor's personal knowledge or otherwise arose from non-record sources. *See id.* Additionally, the Court concluded that defense counsel's closing arguments attempted to impugn the credibility of Commonwealth's witnesses and therefore opened the door for the prosecutor to respond. *See id.*

Here, the PCRA court applied our Supreme Court's decision in *Reid* and concluded that trial counsel was not ineffective for failing to object to the prosecutor's statements. The PCRA court conceded that the prosecutor's statements arguably assured the jury Complainant's testimony was credible. *See* PCRA Court Opinion, 7/18/22, at 12 (unnumbered). However, the court noted that the prosecutor's arguments were explicitly based on the physical evidence presented at the trial. *See id.* (citing N.T. (Trial), 11/1/19, at 364); *see also id.* (stating that Buchanan failed to demonstrate that the prosecutor's comments reflected her personal knowledge or other non-record evidence).

In the alternative, the PCRA court concluded that the prosecutor's argument was a reasonable response to issues highlighted in trial counsel's closing argument. Trial counsel argued that Complainant's testimony was "unbelievable." *See id.* at 337; *see also id.* at 343 ("Forget about belief beyond a reasonable doubt, any belief whatsoever."). Trial counsel described the defense witnesses as "straightforward and honest." *Id.* at 339. The PCRA court found these statements, as well as the defense's general trial strategy to insinuate the Commonwealth's case was smoke and mirrors, opened the door for response by the prosecutor. *See* PCRA Court Opinion, 7/18/22, at 12-13 (unnumbered).

Finally, the PCRA court highlighted its instructions to the jury, which reiterated the jury's role as the judges of witness credibility and instructed the jury that counsel's arguments do not constitute evidence. *See id.* at 13 (citing N.T. (Trial), 11/1/19, at 367-68, 371).

On review, we conclude the PCRA court's findings are supported by the record. Its application of the law, including our Supreme Court's decision in *Reid*, is legally sound. We are also unable to conclude that the prosecutor's comments had the unavoidable effect of instilling in the jury a bias against Buchanan such that the jury could not objectively weigh the evidence. Therefore, Buchanan's underlying claim lacks merit, and he is not entitled to relief on this issue.

In his second claim, Buchanan contends trial counsel was ineffective for failing to object to statements made by the prosecutor during Complainant's mother's ("Mother") testimony. *See* Appellant's Brief at 39. According to Buchanan, the prosecutor was argumentative and combative, and refused to allow Mother to answer questions. *See id.* Buchanan claims the prosecutor's "objectionable conduct" damaged Mother's credibility. *See id.* at 41.

The PCRA court concluded that technical objections to the prosecutor's statements would have been frivolous because "[t]he [p]rosecutor could easily have split up compound questions and rephrased inappropriate questions, all while allowing the jury to hear the questions and testimony multiple times." PCRA Court Opinion, 7/18/22, at 8. The court also determined that trial counsel had a reasonable basis for failing to object to some of the argumentative questions. *See id.*

The record reflects that trial counsel did lodge objections during portions of Mother's cross-examination. During the PCRA hearing, trial counsel testified regarding his strategy for not objecting more frequently:

> [O]ur strategy was that we had nothing to hide in this case, and I believe I did object more than I normally do to the cross examination of [Mother], and I was trying not to object to every single question, trying not to object over and over again. I knew I had a right to redirect her and allow her to finish her answers and rehabilitate a lot of the damage the prosecution may have done during cross examination.

N.T. (PCRA), 5/27/22, at 16-17. Counsel opined that the Commonwealth's suggestion, *i.e.*, that Mother helped cover up sexual abuse because she and

Buchanan had been fighting, was not believable. *See id.* at 17. Accordingly, the record supports the PCRA court's finding that counsel's alleged inaction was based on a reasonable trial strategy. *See Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014) ("Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." (citation, internal quotation marks, and brackets omitted)). We conclude Buchanan is not entitled to relief on this claim.

In his third claim, Buchanan argues trial counsel was ineffective for failing to object to certain testimony provided by Roberta Fratzola, a licensed professional counselor, who was introduced at trial as an expert in the field of dynamics and sexual abuse of children and delayed reporting. Buchanan specifically directs our attention to the following testimony by Fratzola:

> Well, children – let's put it this way. I only had one child that recanted. They don't lie. Children don't lie about sexual abuse, horrific things that happened to them. They might lie and say when I was a teenager I told my mother a lie that I was going with friends and instead I went with my boyfriend because I wasn't allowed to date, okay. So we do lie about little things. We do fib. But how many of you tried alcohol when you were 15 years old and never told your parents that that happened? But they don't tell lies about horrific things that happened to them, traumatic things like sexual abuse. I only had one child again, sir, who recanted. I believe the abuse happened, but she recanted because it put her in a bad position of her mother crying and having to leave their home and putting the family in disarray. I have yet to have a child who has lied to me in all the years I've been working.

Appellant's Brief at 29 (citing N.T. (Trial), 10/30/19, at 194-95). According to Buchanan, Fratzola's statement was not responsive to counsel's question about factors to consider in determining the truthfulness of someone alleging sexual abuse. *See id.* at 28-29. Buchanan suggests Fratzola's testimony amounted to an opinion that Complainant was telling the truth about the sexual assaults. *See id.* at 31. Buchanan claims that counsel should have moved to strike the statement. *See id.* at 30-31.[3]

Expert testimony may be admitted if the witness has specialized knowledge beyond that possessed by an average layperson; this knowledge is helpful for the fact finder to understand the evidence or demonstrate a material fact; and the expert's methodology is generally accepted within the relevant field. *See* Pa.R.E. 702. However, because credibility determinations are reserved to the fact finder, expert witnesses may not provide an opinion about the credibility of other witnesses. *See Commonwealth v. Maconeghy*, 171 A.3d 707, 712 (Pa. 2017).

_____

[3] Buchanan also presents an alternative argument that trial counsel should have cross examined Fratzola using portions of a book Fratzola authored, which Buchanan believes contradict Fratzola's testimony. We conclude he has waived this alternative argument. "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Here, Buchanan's issue presented only explicitly identifies counsel's failure to move to strike Fratzola's testimony. *See* Appellant's Brief at 4. Further, a failure to cross-examine Fratzola using the book is a distinct issue from the failure to move to strike the testimony. The second is not fairly suggested by the first.

Here, following a hearing, the PCRA court reviewed the challenged portion of testimony and determined Fratzola did not render an opinion about Complainant's veracity. **See** PCRA Court Opinion, 7/18/22, at 9 (unnumbered). The PCRA court concluded that, instead, Fratzola's testimony suggested "there are no factors when determining whether a child is lying…." **Id.** Additionally, the PCRA court concluded that even if the jury interpreted Fratzola's statements as an opinion on the veracity of Complainant, any harm was *de minimis* given the overwhelming credible evidence against Buchanan. **See id.**

The PCRA court's determination is supported by the record. Fratzola did not refer to Complainant, nor did she render a specific opinion about Complainant's credibility. Rather, the challenged portion of testimony includes general statements about Fratzola's professional experiences dealing with child sexual assault victims. Therefore, Buchanan's underlying claim lacks merit, and he is not entitled to relief on his second issue.

In his final claim, Buchanan contends trial counsel was ineffective for withdrawing the defense motion to pierce the Rape Shield Law and for otherwise failing to present evidence that Complainant had sexual intercourse with any individuals other than Buchanan. **See** Appellant's Brief at 33. Buchanan argues that trial counsel could have submitted evidence of Complainant's sexual encounters with her minor boyfriend, Z.P. **See id.** at 34.

According to Buchanan, such evidence was "narrowly tailored" to contradict testimony by the Commonwealth's expert witness. *See id.* at 35-36.

Pennsylvania's Rape Shield Law limits the admissibility of an alleged victim's prior sexual conduct:

> Evidence of specific instances of the alleged victim's past sexual conduct, past sexual victimization, allegations of past sexual victimization, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions of any offense listed in subsection (c) [which includes, relevantly, Chapter 31 (pertaining to sexual offenses) and Section 6301 (corruption of minors)] except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a).

The Rape Shield Law is intended to "prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim. Moreover, the Rape Shield Law is intended to exclude irrelevant and abusive inquiries regarding prior sexual conduct of sexual assault complainants." *Commonwealth v. Jerdon*, 229 A.3d 278, 285 (Pa. Super. 2019) (citations, quotation marks and brackets omitted). When applying the Rape Shield Law, "past sexual conduct" has been interpreted to include a complainant's sexual history at any time prior to trial. *See Commonwealth v. Jones*, 826 A.2d 900, 908 (Pa. Super. 2003) (*en banc*).

However, evidence of a complainant's sexual conduct with a third party may be admissible in certain limited circumstances. *See Commonwealth v.*

*Largaespada*, 184 A.3d 1002, 1007 (Pa. Super. 2018) (recognizing exceptions to the Rape Shield Law for "evidence that negates directly the act of intercourse with which a defendant is charged, evidence demonstrating a witness' bias, or evidence that attacks credibility." (citation omitted)). Such evidence must be probative of whether the defendant committed the alleged conduct. *See id.* at 908-09. When a defendant seeks to introduce evidence that may be barred by the Rape Shield Law, a court must conduct an *in camera* hearing and balance several factors. *See Jerdon*, 229 A.3d at 286-86. "[E]vidence of a claimant's sexual history may be admissible if the evidence is relevant to exculpate the accused, more probative than prejudicial, and non-cumulative in nature." *Id.* at 286 (citation omitted).

The record reflects that prior to trial, Buchanan filed a motion *in limine* to allow evidence that Complainant also engaged in sexual intercourse with Z.P. beginning in approximately August 2017. *See* Motion *in Limine*, 7/19/19. Buchanan argued this evidence was relevant to challenge Complainant's credibility and offer a possible motive, in light of the Commonwealth's evidence that Complainant became pregnant in August 2017 and had an abortion in October 2017. *See id.* After the *in camera* hearing, Buchanan withdrew the motion.

Trial counsel testified at the PCRA hearing about his trial strategy. Trial counsel testified that, initially, he wanted to introduce Z.P. as a witness because the Commonwealth's expert would testify that Complainant had

previously had sexual intercourse and offering Z.P.'s statements would point to someone other than Buchanan. *See* N.T. (PCRA), 5/27/22, at 9-10. However, trial counsel recognized that the case would ultimately depend upon the jury's respective credibility determinations:

> [I]t was going to come back to a question of credibility between [Buchanan] and [Complainant]. That was our trial strategy from the very beginning.
>
> And [Complainant's] testimony, the statements that she had given prior to trial … seemed incredible, and we were concerned – I was concerned that, first of all, I didn't think we were going to win the motion [to] pierce the Rape Shield Law. That was the impression I had.
>
> Second of all, if we did win it then there was going to be an avalanche of evidence coming in, including relating to the pregnancy, the attempt at the abortion, the miscarriage. And given the fact that [Z.P. and Complainant] both said that they had only had sex twice, that they used a condom both times, I thought that a jury – there was more of a chance of all of this testimony hurting [Buchanan] than helping him, let's put it that way.
>
> Even if the trial [j]udge allowed the piercing of the Rape Shield Law and even if we got in everything we wanted to get in, it came down to a question of did he, in fact, do it? And if he did it, none of this really matters if the jury believed [Complainant].
>
> So my strategy – and I talked this over with [Buchanan] – was to try to keep it as simple as possible. …

*Id.* at 12-13; *see also id.* at 14 ("I thought our strategy would be to keep it simple and hope they believed [Buchanan] over [Complainant]."). Further, trial counsel testified that, regarding information about Complainant's pregnancy, "there was no evidence to indicate that it wasn't [Buchanan's] or that it was somebody else's." *Id.* at 13. In light of the overall trial strategy to

establish Buchanan never touched Complainant, trial counsel also expressed concern that introducing evidence of Complainant's sexual encounters with Z.P. would "look like we were trying to cover up what happened." *Id.* at 13-14.

The PCRA court concluded that trial counsel had a reasonable basis for withdrawing the motion to pierce the Rape Shield Law. *See* PCRA Court Opinion, 7/18/22, at 7 (unnumbered). After reviewing counsel's testimony regarding his trial strategy, we agree. The record confirms that trial counsel fully considered the evidence against Buchanan and the potential that the proffered evidence would hurt Buchanan's defense. Buchanan fails to establish that admitting evidence of Z.P. would have resulted in a substantially higher chance of success at trial. *See Spotz*, 84 A.3d at 311-12. Therefore, Buchanan is not entitled to relief on this claim.

Based upon the foregoing, we affirm the PCRA court's order denying Buchanan's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/01/2023

- 15 -